THOMAS COOPWOOD, Plaintiff in Error, *v.* MARK PREWETT, De-fendant in Error.

1. The power of a circuit judge to grant a motion for a new trial taken under ad-visement, to be acted on in vacation, expires at the end of four months, the time limited by the statute for that purpose ; his decision, if not made within that time, cannot affect the original verdict.

2. If a motion for a new trial be taken under advisement by a circuit judge, his decision must be made before the expiration of his term of office ; if made after-wards, no consent of the parties can give effect to the decision as a judicial act.

3. If a motion for a new trial be held under advisement by the circuit judge, until his term of office has expired, and then be sustained by him, the appearance of, and defence of the suit by the party against whom the motion was sustained, without objection on his part to the irregularity, will not confer jurisdiction on the court, nor conclude him from denying such jurisdiction in this court.

Coopwood *v.* Prewett.

4. Judgment will be entered in this court, upon a verdict which was illegally set aside by the circuit judge in vacation, and after his term of office has expired.

5. The statement of the circuit clerk, on the minutes of the court made in vacation, that the opinion of the judge sustaining a motion for a new trial which had been taken under advisement, "was handed in and entered on the minutes by consent of parties," is no part of his official duty, and therefore, no evidence of such consent.

IN error from the Circuit Court of Monroe county.   Hon. William L. Harris, judge.

The record in this case is voluminous, but the only facts necessary to be set out are as follows: In April, 1847, Mark Prewett sued Thomas Coopwood, in *assumpsit*, upon an open account for $1044.28, and such proceedings were thereupon had, that at the March term, 1853, of the Circuit Court of Monroe county, a verdict was rendered for defendant.   A motion thereupon was made for a new trial by Prewett, and taken under advisement by the Hon. F. M. Rogers, who was at the time circuit judge, presiding in said court.   The official term of Judge Rogers expired in November, 1853.   On the 27th of January, 1854, Judge Rogers made his fiat sustaining the motion for a new trial, in the words and figures as copied in the opinion of the court.   The clerk of the Circuit Court also at the same time made the following entry on the minutes of the court: "And afterwards, on the 27th day of January, 1854, during vacation, the following opinion was handed in and entered on the minutes by consent of parties, to wit:"   Then follows the opinion of Judge Rogers, before referred to.

At the March term, 1854, the cause was again submitted to a jury, and there was a mis-trial.   At the September term, 1854, the cause was continued, and leave given to amend the pleading: whereupon an amended declaration was filed, and the defendant Coopwood, demurred.   At the March term, 1855, the demurrer was overruled, and defendant filed several pleas, and the cause was submitted to a jury, who found a verdict for plaintiff, and assessed his damages at $2290, upon which judgment was entered.   Defendant Coopwood, then moved for a new trial, which was overruled, and he filed his bill of exceptions thereto, and sued out this writ of error.

No objection was taken in the court below, to the grant of a new trial made by Judge Rogers, on the 27th January, 1854.

*Fulton Anderson,* for plaintiff.

*W. F. Dowd,* on same side.

The court below had no jurisdiction of the case when the last verdict was rendered, a former verdict having been rendered for defendant, and judgment entered accordingly. The motion for new trial was taken under advisement, and kept ten months, until after the expiration of the judge's term of office.

The court has no jurisdiction over its records after the adjournment. To hold a contrary doctrine, would destroy the necessity of an appellate court, allow inferior tribunals to draw black lines across, obliterate and reverse their own decrees, shake the confidence of the world in the stability of judgments, annihilate liens, the rights to private property, and personal security. *Russell* v. *M'Dougall,* 3 S. & M. 234.

The statute relaxes this stubborn and important rule, so far as to allow a judge to take a motion for new trial under advisement. But if no opinion is returned in four months, the motion is overruled. The power of the judge *ceases the moment* the four months expire.

But it is insisted, that the record shows the consent of the parties. The record *shows nothing on this subject.* There is a statement of the clerk, and a statement by F. M. Rogers, Esq., neither of which are official acts—worth no more than the statements of any other persons, illegally placed in the records. *This agreement is denied by Coopwood; his counsel in the court below was absent, and no party to it.* However, consent even, cannot confer jurisdiction. It is an unauthorized act of the court, *incapable* of confirmation by the parties, because it had no jurisdiction to give judgment. Consent cannot confer jurisdiction to give judgment when not authorized by law. Thus, where the statutory judgment on a forthcoming bond is rendered at one term, *consent cannot confer* on the court power to quash the bond at the next, or a subsequent term. *Bill* v. *Tombigbee R. R. Co.,* 4 S. & M. 563; *Hurd* v. *Tombes,* 7 How. 233; *Russell* v. *M'Dougall,* 3 S. & M. 230.

Coopwood v. Prewett.

*James Phelan*, for defendant in error.

The "*consent*" of the defendant, that the opinion should be filed, and the assertion *in* the *opinion*, that the motion for the new trial was held "under *advisement by consent*," appear in the record, and cannot be denied in this court. But it is said, that "consent cannot give jurisdiction." This is not true, as an invariable rule: nor does it apply to this case. The rule is this:—

"Where the court, in which the judgment is rendered, has *no jurisdiction*, either of the *person* or the *subject-matter*, then the whole proceeding is void, and *consent* cannot give jurisdiction; 4 Geo. R. 47, and numberless authorities under the head of 'jurisdiction' in the Digests. But where it has jurisdiction of the *subject-matter* and *person*, the defendant may waive any mere *defence* he may have to the suit or action." 4 Geo. 47; 4 M'Cord, 80; 1 Kelly, 466, and authorities cited. Where the party has *pleaded in bar* to the action, he cannot object to the jurisdiction of the cases and authorities cited. 3 Johns. 133; 2 Scam. 263, 279.

The "*acquiescence* of the defendant in the *subsequent* proceedings, until judgment against him, *·* will prevent the court from assisting him." 1 Kelly, 466; 4 Geo. 47. "If the proceedings are had under a statute, which was afterwards declared *unconstitutional*, but *no objection* was made to the *jurisdiction* of the court, nor to the validity of the law, the proceedings *will not be disturbed*." 4 Pike, 582, cited in 2 Sup. U. S. Dig. 248, pl. 26.

"Many defects might at once be removed, if they were pointed out at the trial, and the party will be considered to have *waived all such*, if he does not make them known." 10 S. & M. 440. "Objections not made in the court below, lose their weight when made in the higher court." 7 S. & M. 130.

"Questions not made in the court below as grounds for a *new trial* would be noticed with *great reluctance* by the appellate court." 23 Miss. 483. "A party *shall not* be permitted to assign for error, *matter* not insisted on in the court below. The principle will be adhered to, as one essential to maintain the true purposes of an appellate jurisdiction, and prevent *injustice* and oppression." *Dyson* v. *The State*, 26 Miss. 362.

The defendant, in this case, even after verdict, did not raise the point now insisted on in his *motion for a new trial!*

The principles above collected, would be destructive of the position now assumed by the defendant, *even if the record did not show his consent to the matter now complained of!* But with his *consent* staring him in the face, on the *record*, the court should brand their denial of his miserable plea, with whatever of sternness may comport with the dignity of the bench.

HANDY, J., delivered the opinion of the court.

This was an action of *assumpsit*, brought by the defendant in error against the plaintiff.

It appears by the record, that the case was tried at the March term, 1853, of the Monroe Circuit Court, when a verdict was rendered for the defendant below. The plaintiff thereupon made a motion for a new trial, which was taken under advisement by the judge, who did not return his decision until the 27th day of January, 1854, on which day he issued to the clerk the following order, which is stated by the clerk to have been entered on the minutes by consent of the parties ;—

"In vacation, January 27th, 1854.

" To the clerk of the Circuit Court of Monroe county. The above stated cause was at the March term, 1853, taken under advisement by agreement of parties. After examination, I have decided to sustain the motion for a new trial. You will therefore enter up the judgment accordingly. Given under my hand and seal, January 27th, 1854.          F. M. ROGERS, [L. S.]"

Afterwards the plaintiff filed an amended declaration, containing additional counts, and at the March term, 1855, the case was again tried, and a verdict rendered for the plaintiff below.

A preliminary question is raised in behalf of the plaintiff in error, which is conclusive of the case, and which renders it unnecessary to consider the other questions presented. It is urged that the Circuit Court had not jurisdiction of the case when the judgment complained of was rendered, because the decision of the motion for a new trial was not made within the time limited for

that purpose by law, and because the term of office of the judge who granted the new trial, had expired when the *fiat* granting it was made; and therefore, that the verdict for the defendant on the first trial is in full force in law.

This presents a question of much practical importance, but it appears to us to be attended with no difficulty.

The statute under which the judges of the Circuit Courts are authorized to take cases under advisement, provides that they " shall have power, whenever, in their opinion, the importance of the case may require it, which may be submitted to them for decision on any point thereon, to take the same under advisement, and the opinion given thereon in vacation, to be as of the term: Provided, however, that such opinion shall in no case be deferred for a longer time than four months. . . . . And provided, also, that the right to except, and take writs of error to such opinion, shall not be affected thereby; and that a bill of exceptions to such opinion may be taken at the term of the court held next after such opinion may have been given," &c.    Hutch. Code, 740, § 13, act of 1833.

It is clear, from these provisions, that the power of the judge to act upon the matter taken under advisement, cannot be exercised, unless his decision be made within the time limited for that purpose; and it would appear to follow, that if his decision be not made within that time, it cannot be made afterwards, and that, if the matter taken under advisement be in effect a disposition of the cause, as was the case here, his decision will not affect the rights of the parties, but that the verdict will stand as if no motion had been made to set it aside.

In opposition to this result in the present case, it is said that the record shows that the decision was suspended by consent, for a longer period than that limited by the statute.    Without making any decision upon the point, whether it is competent for the parties in a case like this, to extend the power of the judge over the case by consent, and to give to his decision all the force of a regular judicial act, we think that the record does not furnish any sufficient evidence of such consent.    If the consent could have such effect, it would be necessary that it should be evidenced in such certain

and formal manner, as to be effectual upon the parties by way of estoppel. But here the only evidence of such consent is, the informal and unofficial act of the clerk, who, in making his entry upon the minutes of the court, of the decision of the judge, states that the opinion "was handed in and entered on the minutes *by consent of the parties.*" This statement was made in relation to a matter done in vacation, and was in no wise a necessary part of the official act to be done by the clerk, which was simply to state, that he had received the written opinion of the judge on a certain day, and then to spread it upon the minutes. It can, therefore, have no further force than an unsworn statement of a witness, or a volunteer statement of the clerk, and cannot bind the parties. Nor does the statement in the written opinion of the judge show such consent. That statement is, that " the cause was, at the March term, 1853, taken under advisement by agreement of parties." Nothing is said in relation to any agreement or consent of the parties, that the decision of the motion should be deferred beyond the time limited by law.

But in addition to this, it appears that the decision was not made until the term of office of the judge had expired—a matter of which we must take judicial notice. To a decision made by a judge under such circumstances, no consent could give effect as a judicial act, and it cannot be considered otherwise than as having never been made. Not only is there an absolute want of power to do the act, but the exercise of the power under such circumstances, would deprive the party who might be aggrieved by the decision, of the privilege of exception secured by the statute. For the judge making the decision would have no power to sign and seal a bill of exceptions, nor could that act be done by his successor at the next term of the court, because that judge would be wholly unadvised as to the evidence and the proceedings of the court which occurred at the trial of the cause.

The conclusion, therefore, is not to be avoided, that the new trial must be regarded as having never been granted; and the motion having never been acted upon during the official term of the judge, must be considered in law as at an end, and the original verdict must be taken to be in full force. Consequently the case

was at an end, and the court had not jurisdiction to proceed to the new trial, which resulted in the judgment now complained of. This result is not affected by the fact, that the defendant appeared and defended the suit upon the new trial, and made no objection to the irregularity of the proceedings. This might create a presumption that he acquiesced in the irregular act of the judge; but in law it cannot give authority and validity to a judicial act which is void for want of power, nor can it confer jurisdiction to take further cognizance of the cause, or conclude the plaintiff in error from denying the jurisdiction of the court in proceeding with the new trial. Whatever may have been the private understandings of the parties, and however it may be violated by insisting upon the rigid rules of law, we can only look to the case as it is presented by the record, and apply the rules of law which must control our action.

Under this view of the case, we think that the judgment should be reversed, and a judgment rendered in this court on the original verdict for the defendant below.

Judgment accordingly.