### J. W. SCARBOROUGH VS. MARY SMITH.

1. MOTION FOR NEW TRIAL: *When it must be disposed of.*

Motions for new trial must be disposed of at the term when made or at the next ensuing term. They cannot be kept under advisement by the circuit judge beyond the term succeeding that at which they were made.

2. CASES REVIEWED AND MODIFIED.

The cases bearing on power of the court over motions for new trial cited and reviewed. Case of Hudson *v.* Strickland, 49 Miss., 592, *held* to announce only the doctrine that § 534 of Code, requiring the testimony to be reduced to writing during the term at which a case is taken under advisement, does not apply to motions for a new trial. If its language seems broader than this, it is to that extent ill-advised. Section 534 of Code applies to motions for new trials.

3. EVIDENCE: *Memorandum by stranger. Improper admission to impeach credibility.*

It is not competent to impeach the credibility of a witness by introducing a memorandum made by a stranger of the testimony given by said witness upon a former trial of the same cause, the witness not having been first questioned as to the testimony given by him on said former trial. Where the evidence is conflicting, and the result may depend upon the credibility of such witness, the improper admission of such memorandum is sufficient ground for reversal.

ERROR to the Circuit Court of *Attala* County.

Hon. JASON NILES, Judge.

This was an action of ejectment by Martha E. Scarborough and her husband, afterwards prosecuted by plaintiff in error, as

sole heir, against Mary Smith, wife of J. J. Smith. The case was tried, and resulted in a verdict for defendant. On the trial, among other instructions for the defendant, the court gave the following :

"10th. In this case the plaintiff cannot recover unless he has shown legal title in himself at the time the action was brought, and if the jury believe from the evidence that J. J. Smith executed a deed of trust, or mortgage, conveying the legal title of the lot in controversy to a trustee, and that that deed of trust has never been paid or otherwise discharged, they cannot find for the plaintiff."

After verdict for defendant a motion was made for a new trial, which was taken under advisement. All the other material facts will be found in the opinion of the court.

The following errors are assigned :

1. The court erred in not granting plaintiff's motion for a new trial in said case, and in overruling it.

2. Said court erred in striking said case from the docket and reinstating the judgment in favor of defendant, after said court had granted a motion by plaintiff for a new trial, and had set aside the verdict and judgment in favor of the defendant.

3. Said court erred in granting instructions for defendant.

4. Said court erred in admitting testimony against the objection of plaintiff, and particularly and notably in admitting as evidence, to contradict and discredit plaintiff, the paper certified by " R. B. Webb," and found on page 67 of the record here. Also said court erred in permitting Mrs. Mary Smith to testify of a deed to her husband made by H. D. Palmer, and not produced on trial nor shown to have been lost or destroyed.

*J. A. P. Campbell*, for plaintiff in error :

The plaintiff had improperly lost his case through errors of the court, and for that was entitled to a new trial, which had been granted him. His case should not be lost beyond the reach of a new trial, and the only way to relieve plaintiff is for this court to grant a new trial, as the court below did, unless it be true that that court did not have the power to grant the new

trial. And this leads to the question, did the circuit court have the power to continue the motion of plaintiff for a new trial by entry on its minutes, and at a subsequent term to grant it? This is answered by the following cases: Ross *v.* Garey, 7 How., 47; Kane *v.* Burris, 2 S. & M., 313; McClure *v.* Houston, 10 ib., 392; Hudson *v.* Strickland, 49 Miss., 591. The circuit-judge was misled by the case of Coopwood *v.* Prewett, 30 Miss., 206, decided under a statute widely different from the provisions of the Code of 1871; and the court also erred in supposing that the motion for new trial was governed strictly by § 534, Code of 1871. It was not at all applicable. Hudson *v.* Strickland, 49 Miss., 591. Besides this, the power to keep alive a motion for a new trial by an entry on the minutes is of common law origin and exists without statute. Kane *v.* Burris et al., 2 S. & M., 313. Again, this was by consent of counsel. The evidence was taken down; it was not necessary. This case is very like that of Hudson *v.* Strickland, 49 Miss., 591; even worse, for it not only *dismissed* plaintiff's case, but established a verdict and judgment against him.

I ask attention to the 10th instruction for defendant. The real point was, had Palmer conveyed to Mrs. Waddell, or to Smith.

*Potter & Green*, for defendant in error:

The plaintiff in ejectment must succeed, if at all, on the strength of his own title. Then we have, to sustain this principle, the attempted introduction of the deed from H. D. Palmer to Mrs. Ann D. Waddell, of date November 14, 1868, for the consideration of $700. Palmer could convey nothing by this deed, for by its provisions he had conveyed the title to Mrs. Waddell in 1853, and no title was in him at the time (1868). It could only be, at best, a declaration of his previous acts, and is inadmissible as evidence. See 1 Greenl. on Ev., § 349, 558. As to the instructions complained of, when they are carefully inspected, they express the law applicable to the evidence correctly, maintaining throughout the conditional principle that the plaintiff must recover on the strength of his

own title, and that possession and control are *prima facie* evidence of title in the defendant. If there was no other foundation for the verdict it would be sustained by the instruction of the statute of limitations and the evidence, eighteen years having elapsed between the time of the original deed to Mrs. Waddell, and the deed from her to Scarborough was executed, and nineteen years from the deed to Mrs. W. and the institution of this suit. During this time defendant was in open and notorious possession of the property. Plaintiff complains that Mrs. Smith was permitted to speak of the deed to Smith without laying the foundation for secondary evidence. Palmer said the deed was made to Waddell, and not to Smith. Mrs. Smith contradicts this; it was competent after the door had been opened. Her testimony was in rebuttal of Palmer and Scarborough; is conclusively established by the fact that the evidence of her title is the affidavit of ownership filed in the chancery court of Attala county, and read in evidence at the trial, under the act of 1860 (Acts 1860, p. 496, § 7), to remedy the evils occasioned by the burning of the court house. The evidence is conflicting, and in such case the court will not grant a new trial. Woods *v.* Gibbs, 6 George, 557; Garland *v.* Stewart, 2 ib., 314. There will be no reversal where justice has been done. Garrard *v.* The State, 50 Miss.

CHALMERS, J., delivered the opinion of the court.

The trial in this case resulted in a verdict for defendant in the court below. Plaintiff moved for a new trial, at the same time tendering a bill of exceptions embodying the testimony, which was signed and sealed.

The court took the motion under advisement, entering an order to that effect on the minutes. At the next term the court was still unprepared to decide the motion, and had the same continued by entry on the minutes. Subsequently, during vacation, the judge directed the clerk to enter an order sustaining the motion, which the clerk did. Again, at the next term, being the second term after the motion was made,

a formal judgment was entered sustaining the motion, setting aside the verdict, and awarding a new trial. A few days thereafter the court, becoming convinced that it had no power after such a lapse of time and terms to accord a new trial, reversed its action by sustaining a motion to strike the case from the docket, and reinstituting the original judgment which had been rendered in defendant's favor. This action of the court in reversing its own ruling on the motion for a new trial is the principal assignment of error pressed on our attention.

Can a circuit judge keep a motion for new trial under advisement beyond the term succeeding that at which it is entered?

No case presenting the point is found in our books, save the case of Coopwood v. Prewitt, 30 Miss., 206, which may have been controlled by other considerations. In all the other cases the contest was as to whether, in each case, a retention of the motion *until* the succeeding term was erroneous. In Ross v. Gary, 7 How., 58, it was held erroneous, because there was no entry on the minutes that the case was taken under advisement. In Kane v. Burris, 2 S. & M., 313, it was held that the motion might be retained until the succeeding term, inasmuch as the minutes did show the taking under advisement, and this was held to be a common law right.

In McClure v. Henderson, 10 S. & M., 392, a statute having been passed (How. & Hutch., 481, § 8) limiting the period within which a case might be held under advisement to four months, and the decision on the motion for a new trial having been made within that period, it was held erroneous to strike the case from the docket therefor. In Hudson v. Strickland, 49 Miss., 592, it was held that the provision of § 534, Code of 1871, which requires all the testimony to be reduced to writing during the term at which a case is taken under advisement, does not apply to motions for new trials, but only to cases on their merits.

It is thus seen that in none of these cases was the attempt made to keep the case under advisement beyond the succeeding term save in Coopwood v. Prewitt, *supra*. Counsel for

appellant, however, contend that inasmuch as in the case in 49 Miss., *supra*, the court held that applications for new trials were not governed by § 534, Code of 1871, in which is found the requirement that all cases taken under advisement shall be decided at the next term, but by § 648, in which is found no such provision, that therefore there is nothing to limit the power of the judge, by successive continuances entered on the minutes, to keep alive a motion for new trial which has been heard and taken under advisement. We do not so regard it.

It was only held in the case referred to that the provision requiring all the testimony to be reduced to writing, which is found in § 534, did not apply to motions for new trial taken under consideration. If the language used seems broader than this, it is to that extent ill-advised. We think that the requirements in said section, that cases taken under advisement shall be decided at the succeeding term, applies as well to motions for new trial as to cases on the merits.

Indeed, the latter class of cases, except where a jury is waived, must be of rare occurrence in the circuit court. It will be observed that in McClure v. Henderson, and in Coopwood v. Prewitt, *supra*, it was held that the four months limitation prescribed by Howard & Hutchinson's Code, applied to motions for new trial, although they were not specially named in the statute.

On the trial there was read to the jury, and submitted in evidence, a written memorandum of testimony which had been given by plaintiff in person on the trial of another branch of this controversy.

This memorandum had been made by a spectator at said former trial, and was unauthenticated in any way. It was offered as contradictory of plaintiff's testimony on this trial. This was manifestly erroneous. Such paper could only have been used as a memorandum made at the time by some witness introduced to impeach plaintiff, the latter having been first questioned as to his statements on the former trial.

Counsel for appellee seem to concede that this paper was

inadmissible, but argue that it did not affect the result, and therefore will not cause a reversal. The testimony in the case was very conflicting. That of plaintiff seems at least as strong as that of defendant. Much of it was made by plaintiff in person. We cannot say, therefore, that testimony improperly admitted, assailing his credibility, was immaterial.

The 10th instruction was also clearly wrong, and may have contributed to the result.

The cause is therefore reversed and remanded, and new trial awarded.