## ROBERT WILSON ET AL. *v.* ELIZA RODEWALD ET AL.

1. CIRCUIT COURT. *Taking case under advisement. Judgment.*
   Under Code of 1880, ⸹ 1707, authorizing cases to be taken under advisement, a judgment cannot be rendered in vacation, but must be given by the court upon the delivery of the judge's opinion in writing at the next term after the submission of the case.

2. SAME. *Judgment in vacation void. Entry by succeeding judge.*
   A judgment in such a case signed by the judge, accompanied by his written opinion and deposited with the clerk of the court in vacation, is a nullity, which cannot, after the judge's death, be made binding by its mere entry under direction of his successor.

APPEAL from the Circuit Court of Leflore County.

HON. C. H. CAMPBELL, Judge.

*Robert Bowman,* for the appellant.

The writings of Judge Cothran could not after his death be entered as a judgment under the order of Judge Campbell. *Sagory* v. *Bayless,* 13 S. & M. 153; *Hardy* v. *Gholson,* 26 Miss. 70; *Wiggle* v. *Owen,* 45 Miss. 691; *Lane* v. *Wheless,* 46 Miss. 666. After expiration of the term a court has no control over its judgments, except as given by statute. By Code 1871, § 534, the decision of a case taken under advisement must be made at the next term. No one but Judge Cothran could do this. These statutes are construed literally. Under the Act of March 2, 1833 (Hutch. Code, p. 740, § 13) allowing cases to be under advisement and decided in vacation within four months, it was held that a judgment rendered after this time was a nullity. *Coopwood* v. *Prewett,* 30 Miss. 206. The same rule of construction is laid down in the case of *Scarborough* v. *Smith,* 52 Miss. 517. Judge Cothran's paper had no higher value than a judge's notes on his docket. *Dickson* v. *Hoff's Adm'r,* 3

How. 165; *Russell* v. *McDougall,* 3 S. & M. 234 ; *Wingate* v. *Wallis,* 5 S. & M. 249.

*Frank Johnston,* on the same side.

The statute, Code 1880, § 1707, which is the same as Code 1871, § 534, and Code 1857, p. 479, Art. 10, requires the judgment, in cases taken under advisement, to be rendered at the next term of court. Under Hutch. Code, p. 740, § 13, which requires that the opinion should not be deferred longer than four months, it was said in *Coopwood* v. *Prewett,* 30 Miss. 206, that a decision made after the time was void, and the judgment entered at the preceding term was unaffected by an order thus made granting a new trial. It was also said that a judge could perform no official act after his term of office expired. In the absence of a statute a judgment in vacation is a nullity. *Sheppard* v. *Wilson,* Morris (Iowa) 448 ; *Grable* v. *State,* 2 G. Greene 559 ; *Townsley* v. *Morehead,* 9 Iowa 565 ; *McClure* v. *Owens,* 21 Iowa 133; *Passwater* v. *Edwards,* 44 Ind. 343 ; *Smith* v. *Chichester,* 1 Cal. 409 ; *Peabody* v. *Phelps,* 7 Cal. 53 ; *Wicks* v. *Ludwig,* 9 Cal. 173. Delivery of the decision is a judicial act to be performed by the court at the next term, and by the statute now under consideration, the judge who takes the case under advisement is the judge who must decide. The paper sent to the clerk is a nullity. It has no more value than if it had remained in Judge Cothran's desk. This statute has no provision for bills of exceptions and motions for new trials applicable to a case such as the present would be if the decision of a judge could be made after his death.

*A. M. Harlow,* for the appellees.

Rendition of a judgment is a judicial act, but its entry on the record is merely ministerial. Freeman on Judgments, § 38. A judgment drawn up by the judge, signed and left with the papers in a case, is the judgment of the court in that case and of that term. Entry being a non-judicial act, may take place at any time afterward. Freeman on Judgments, § 40. Under the general rule that entry is a ministerial act, a failure to comply with a statute requiring entry to be made in four days leaves the judgment in full force. Freeman on Judgments, § 53 a. Where a magistrate entered

a verdict and issued an execution thereon, under which property was sold, it was held that the purchaser acquired title although no judgment was ever rendered. *Lynch* v. *Kelly*, 41 Cal. 232; *Gaines* v. *Betts*, 2 Doug. (Mich.) 98. Entry of a judgment in the wrong book does not affect its validity. Freeman on Judgments, § 41. In the case at bar, the decision was made, the judge had acted, the judicial part was complete.

*Nugent & McWillie,* on the same side.

The case goes under Code 1871, § 534, authorizing the judge to take cases under advisement, and requiring him at the next term to deliver his opinion in writing, which becomes part of the record without a bill of exceptions. As he is required to take all the evidence in writing, and the whole case may, under the statute, be considered on appeal, there is no force in the suggestion about a motion for new trial. By Hutchinson's Code the opinion given in vacation was to be as of the term, but it could not be deferred for a longer time than four months. Hutch. Code, p. 740, § 13. Under Code 1857, p. 479, Art. 10, a case could be taken under advisement until the next term and the opinion then delivered in writing. The written opinion, by the Code of 1871, can only be delivered at the next term, but the law sanctions a decision in vacation, and necessarily allows the judge to determine the case and render his finding and judgment, which is the opinion on the whole case, to writing in vacation. He could not otherwise act ; the very fact of taking the case under advisement imports the right and power to decide it in vacation and to put the decision in writing. It could only be delivered at the next session of the court, and could only then become operative as the judgment of the court. The opinion of the judge reached and reduced to writing in vacation necessarily became a termination of the case, especially when that opinion was reduced to writing and filed among the papers of the case. He had the power to decide it in vacation to all intents and purposes. But the statute nowhere says that the judge who takes the case under advisement shall in person deliver the judgment in writing. All that was required is that, at the next term, the opinion reached in vacation and reduced to writing shall be pronounced by the

judge of the court. Judge Cothran's successor having been satisfied by the verity of the document in this case, sustained the motion and had the finding and judgment of his predecessor entered as the judgment of the court, and we can see no objection to the proceeding. Concede that Judge Cothran had the right to decide the case in vacation and to reduce his opinion, finding, and judgment to writing in vacation, and there must be an end of litigation. The case would then be decided without the power in his successor to place the decision on record or try the case himself anew, for it could not be contended that in such case the successor of the former judge would have larger power than his predecessor. There was no failure to act but the final action of the judge in vacation, and the only thing necessary to give that opinion the force and effect of a judgment was its recognition at the next term by the judge presiding at the time. That this was not done at the next term is satisfactorily explained in the evidence.

CHALMERS, J., delivered the opinion of the court.

This case was at the July term, 1880, of the Circuit Court of Leflore County, submitted by counsel to the Hon. W. A. Cothran, presiding judge of said circuit, to be by him tried and decided without the intervention of a jury. He heard the evidence and took the case under advisement, carrying the papers with him to his home in another county. Two months thereafter, and during vacation, he returned the papers in a box to the circuit court clerk of Leflore County, and with them was found an elaborate opinion disposing of all the points in the case, closing with a carefully drawn judgment in favor of the plaintiffs, all in his handwriting and signed by him.

A few days thereafter, and before the time fixed by law for the next term of the Circuit Court of Leflore County, Judge Cothran died, and the Hon. C. H. Campbell was appointed and qualified as his successor.

At the next term of the court a motion was made by plaintiffs to have the judgment, which had been written out by Judge Cothran and found among the papers, entered as the judgment of the

court, and this motion was eventually sustained.    From the judgment thus entered this appeal is taken.

The fact that the judgment, written out by Judge Cothran, was transmitted with the papers to the clerk, was of no more significance than if it had remained in the judge's private residence, and been there found after his death ; and it is evident that without some statute there can be no authority in a judge to pronounce a judgment in vacation.    The rendition of a judgment is the highest of judicial acts, and belongs to a court, and not to the person of the judge; nor is this principle changed by our statute, § 1707 of the Code of 1880, by which judges are authorized to take cases under advisement.    It distinctly declares that "*at the next term* the judge shall deliver his opinion in writing," and it is only after this that the judgment can be entered.    Until this has been done, and even after it has been done, and until the close of the term, the case remains entirely within the control of the judge, who may at any time enter a judgment directly the reverse of the one written out by him during vacation.    So in the present case we cannot say that if Judge Cothran had lived he might not ultimately have decided the case in favor of defendants.

Inasmuch, however, as he did not do so, and as Judge Campbell did enter the present judgment, it is argued by counsel that it must be considered as the judgment of the court.

The argument is that the submission of the cause was to the court, and not the particular judge, and hence when a judgment has been entered it must be treated as the judicial act by the court as then constituted.    Such a conclusion, if it could be indulged from the record, would seem unfair, since it rests upon the assumption that the parties, when the submission took place, were willing to dispense with a jury and leave the case to be decided by any judge that might thereafter occupy the bench, which would, in many cases, be directly the reverse of the truth.    It is affirmatively shown, however, that no such thing as this occurred in the present case. The bill of exceptions plainly shows that Judge Campbell gave no judgment whatever, but on the contrary simply entered the judgment written out by his predecessor, treating it as a *nunc pro tunc* order.

This was erroneous.   Judge Cothran had rendered no judgment, and could not have done so, except at the next succeeding term, after taking the case under advisement, *and* only *during that term.*

It follows, therefore, that no valid judgment has as yet been pronounced in the circuit court, and hence that this court is without jurisdiction.

*Judgment vacated and cause remanded with order for a trial and judgment there.*