## GULF COAST STEVEDORING CO. *v.* GIBBS.

[86 South. 582, No. 21401.]

1. COURTS. *An instruction marked "Given" and filed becomes a part of the record, not amendable in vacation.*

   Under section 793, Code of 1906 (Hemingway's Code, section 577), an instruction marked "Given" by the court and filed by the clerk becomes at once a part of the record; and section 799, Code of 1906 (Hemingway's Code, section 587), providing that bills of exception may be corrected by consent of the court, has no application.

2. APPEAL AND ERROR. *Judges. Have only statutory powers in vacation; no power in vacation to amend record made in term time.*

   The courts, or the judges thereof in vacation have only such powers as are granted by statute; and if no power is granted to alter or amend the record made in term time, an order attempted to be made is void, and will be stricken from the record on motion.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by George Gibbs against the Gulf Coast Stevedoring Company. Judgment for plaintiff, and defendant appeals. On motion by defendant to strike part of record. Sustained.

ON MOTION.

## GULF COAST STEVEDORING CO. *v.* GIBBS.

ON MOTION.

[86 South 765, No. 21401.]

APPEAL AND ERROR. *Supreme Court will not consider statement dehors the record, made by the trial judge as reasons for his order.*

Where a judge acting under rule 28 of this court (72 So. ix) orders the sending up of original papers for inspection, the court will consider the papers sent up, but will not consider statement *dehors* the record, made by the judge as reasons for his order.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Proceedings between the Gulf Coast Stevedoring Company and George Gibbs. Judgment for the latter, and the former appeal. On motion to strike certain portions from a paper signed by the trial judge. Motion overruled.

See, also, 86 So. 582.

*White & Ford,* for appellant.

*Gex, Waller & Morse,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

This is a motion to strike from the record certain pages, for the reason that they constitute no part of the record. The pages moved to be stricken from the record constitute a petition to the circuit judge in vacation, alleging that at the trial of the case, through inadvertence, the jury, in rendering its verdict, inserted the amount of their finding in a blank space of an instruction on the form of the verdict; that this instruction instructed the jury that if they found for the plaintiff they would find $————, and that the jury filled in the blank so as to read fifteen hundred dollars, making the instruction read as though the court had directed the jury to find fifteen hundred dollars, instead of an amount to be determined by the jury. It was alleged that the instruction was handed the jury without an insertion of the amount therein, but that it now appears so, though the instruction was granted without an insertion as to the amount of the verdict therein. It was further alleged that, when the jury was brought in, the clerk did not call this inadvertence to the attention of the parties, but read the verdict of the jury out as:

"We, the jury, find for the plaintiff, and assess his damages at fifteen hundred dollars."

It was further alleged that on the reading of this verdict the court asked the jury in a body whether that was their verdict, to which all assented. The petition prayed that the court cure said error or defect in the record by directing the clerk to strike out of the form of the verdict in instruction No. ——— the amount therein inserted by the jury, or in the alternative, to substitute for the instruction as now erroneously made up by the jury instruction No. ——— as given by the court to the jury. The circuit judge proceeded to hear the matter, and in the course of the hearing the circuit judge made the following statement:

"When instruction No. 4 was presented me for signature, it was merely a form of verdict for the plaintiff in the event the jury found for the plaintiff, and the amount in said instruction was left blank."

Thereupon the following questions were propounded by counsel for defendant to the court and the following answers thereto made:

"This case was tried at the March term, 1920, of the circuit court?

"By the Court: Yes.

"That was a seven-weeks term fixed by law?

"By the Court: Yes.

"Did that term of court run the entire time?

"By the Court: No; only four weeks.

"On the date you make the above statement and hear this petition is not in term time?

"By the court: No; it is long after term time.

"You did not keep your eyes on the instruction, after it was signed by you and verdict rendered?

"By the Court: I never saw it after it was signed by me.

"You remember that George Gibbs was sitting by the lawyers' table, and the instructions were lying on the table?

"By the court: I don't remember now of noticing the plaintiff during the argument."

Thereupon the following order was signed by the circuit judge.

"This matter coming on for hearing this day on the petition of the plaintiff to correct an error in the record in instruction No. 4, which is in the form of the verdict for the plaintiff, which is alleged in said petition to have been changed by the jury by inserting the amount of fifteen hundred dollars in the instruction, and it appearing to the court that when said instruction No. 4 was given by the court that no amount was fixed in the said instruction No. 4, that the place for the amount was left blank, and that the jury in fact wrote out their verdict on a separate piece of paper in the usual form and returned it into open court as the verdict of the jury, and the court being satisfied that the jury in fact found the amount of their verdict at fifteen hundred dollars, and that the insertion of the amount in said instruction which is written in ink—the balance of said instruction being typewritten—was inserted either by the jury or some one without authority, is of the opinion that said record ought to be and is hereby ordered corrected, to show the true record of the proceedings with reference to said instruction No. 4. To which action on the part of the court the defendant objects, on the ground that the court is without authority to change the record after the adjournment of court."

It will be noted that the proceeding to correct the record was made in vacation. The regular term at which the cause was tried, and the judgment of the court rendered, and the instructions filed, and which became a part of the record by operation of law on being filed, had adjourned.

The appellee, in opposition to the motion, relies upon section 799, code of 1906 (Hemingway's Code, section 587), which reads as follows:

"Bills of exception, with the approval of the trial judge, may be amended at any time before the hearing on appeal, for the purpose of curing omissions, defects, or inaccuracy;

but no such amendment shall be made until the parties interested shall' have been given five days' notice of such proposed amendment."

The instruction which was sought to be corrected is marked:

"Given. Filed this 14th day of April, 1920, A. J. Ramsay, Circuit Clerk, by E. G. Lindsey, D. C."

The order of the circuit judge in vacation was dated May 20, 1920. The instruction became a part of the record on being marked "Given," and filed by the clerk, under section 793, Code of 1906 (Hemingway's Code, section 577).

So the section relied on, giving the trial judge the power to correct bills of exception, does not apply in the case before us. We have been unable to find any statute giving the circuit judge power in vacation to alter or change the record of the court made at a term of the court. He has only such power in vacation as is given by statute. If he has the power to alter or change a record after the term has adjourned, it must be exercised in term time, instead of in vacation; but we do not now decide what power he would have at a succeeding term to make such correction.

The motion will be sustained.

*Sustained.*

ETHRIDGE, J.

This is a motion to strike from a paper dated December 20, 1920, signed by the judge of the circuit court, ordering the transmission of original papers, the following language:

"For the reason that said instruction when presented to the said circuit judge who tried said cause was simply a blank form of instruction, and did not contain any amount, and that when the clerk was making up the record he discovered the amount fifteen hundred dollars had been inserted in said instruction in ink, whereas the original instruction was writen in pencil, and in order that the supreme court may have these facts before them."

The instruction sent up and the verdict of the jury sent up with it are involved in the decision on a former day on the motion to strike out the papers, representing the proceedings of the circuit judge in vacation, undertaking to correct the record in reference to said instruction. We held on a former day that the circuit judge had no power in vacation to make such order, and sustained a motion striking out the papers undertaking to correct the said instruction. The appellant applied to the circuit judge to send up the original papers under rule 28 of this court, which reads as follows:

"Whenever it shall, in the opinion of the judge or chancellor, be necessary or proper that original papers of any kind should be inspected in the supreme court, such judge or chancellor may make such rule or order for safe-keeping, transporting and return of such original papers as to him may seem proper; and such papers will be considered in connection with the transcript."

The judge granted the order to send up the original instruction, and the verdict, and in his order put the language above quoted, and this language is moved to be stricken out. The order and the recitals thereof in the judge's order sending the papers up for inspection are not considered as evidence in the record, and the court will limit its consideration to the instructions and verdict without reference to recitals in the order sending it up, but we do not think it is our function to strike from the record portions of the order. When the cause comes to be considered on its merits, the record proper will be considered, and the recitals and opinions of the circuit judge will have no bearing upon the proposition; but we prefer to leave the judge free to couch his orders in his own language. The motion will therefore be overruled.

*Overruled.*