YAZOO & M. V. R. Co. v. LAWLER.

[94 South. 219.  No. 22804.]

COURTS. *Equity. Court cannot try cause and enter decree in vacation against party not agreeing thereto.*

Under section 506, Code of 1906 (Hemingway's Code, section 262), providing for actions that may be done in vacation, reciting, among other things, "and by consent of the parties or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation," the court cannot try a cause and make a valid decree against a party who has not agreed for same to be done in vacation.

APPEAL from chancery court of Coahoma county.
HON. G. E. WILLIAMS, Chancellor.

Suit by H. J. Lawler against the Yazoo & Mississippi Valley Railroad Company. From a decree rendering judgment for plaintiff, the defendant appeals. Reversed and remanded.

*F. H. Montgomery* and *John W. Crisler,* for appellant.

The decree against appellant is obviously and palpably void. The authority of the chancellor in vacation in such matters is prescribed by section 506 of the Code of 1906, section 262, Hemingway's Code. The part of the section pertinent to this discussion is as follows, to-wit: "And by consent of the parties or their solicitors of record, he may try causes and deliver opinions and make and sign decrees in vacation."

The railroad company not being a party to this agreement, the decree rendered against it is not binding upon it. In fact, the railroad company was entirely ignored in this proceeding. It had no notice of the hearing in vacation and therefore no opportunity to show the disposition of the attached property. It was given no opportunity to show what it received, if anything, from the sale of the attached hay. It had no opportunity to show the deductions for freight charges, etc., and what were the net proceeds. All this would properly have been shown at the next regular term of the court. It was given no opportunity to refute the figures and date, whereby the amount was arrived at, which was evidently presumed by the appellee to have been realized from the sale, and now denies the correctness of the amount shown in the decree. Where this date and information came from, appellant does not know. It is inconceivable to counsel for appellant how this figure could have been arrived at. The true facts can only be shown by setting aside the judgment against appellant and allowing appellant to answer or to file a report.

If this cause was to proceed without the railroad Company taking part therein, it was at least incumbent upon

appellee to first attempt to secure a decree *pro confesso* against it or to call upon it to make a report of sale. The company could then, during the term of court, have had a fair opportunity to present its side of such a proposition to the court. But the next thing that is heard of the case is when appellee's attorney informs the railroad's representative that a decree had been rendered in vacation against the company.

Even if complainant had taken a decree *pro confesso,* still he would not have been entitled to a final decree for the reason that there is nothing in the original bill which entitles complainant to relief against the railroad company. The bill nowhere alleges what the value of the two cars of hay was and fails to allege any facts from which the value might reasonably be inferred. It is well settled in Mississippi, that, notwithstanding a decree *pro confesso,* no final decree should be rendered thereon unless the bill states a cause entitling the complainant to relief. *George* v. *Soloman,* 71 Miss. 168, 14 So. 531; *Minor* v. *Stewart,* 2 How. 912.

This rule holds true even though the evidence establishes a good cause for the complainant. The facts entitling the complainant to relief must be stated in the bill. *Spears* v. *Cheatham,* 44 Miss. 64.

We especially call the court's attention to the fact that the lower court does not decree that the railroad company was indebted to the non-resident defendant, a fact which is essential and necessary to justify a decree against the railroad company. The decree, for no apparent reason, enters a decree for three hundred twenty-four dollars in favor of the complainant. No authority for such action of the court can be justified upon any ground.

We respectfully submit that if a personal decree was to be rendered against the railroad company, it was entitled to a full hearing in court. Certainly it would be unfair and inequitable for this case to be heard in vacation with no notice whatever to the appellant and with no chance to refute any date or figures that might be offered by one of the other parties to the suit.

We confidently assert that if appellant had been allowed a chance to be heard in that hearing that the decree of the court would have been very different. As the matter now stands before the court the amount of three hundred twenty-four dollars must have been arrived at upon the merest suppositions of the appellee herein. We confidently submit that no legal evidence could be offered to sustain a decree for three hundred twenty-four dollars against the appellant, and since no opportunity was given the appellant to refute the incorrect data which was presented to the court, the case should be reversed and remanded for a new hearing, and the garnishee defendant allowed to set up the real facts.

*Dan Brewer,* for appellee.

The defendant railroad company having been duly served with process, entered into an agreement with the other parties to the suit, whereby the railroad company undertook to sell certain hay which was attached and shown by the pleadings to be two carloads of hay and to hold the proceeds of the sale subject to the order of the court after deducting charges. An examination of the pleadings and of the decree will readily show the court that the prices ran about thirty dollars per ton, a carload of hay comprising about twelve tons, and it can easily be seen that two cars of hay were of the value of at least seven hundred twenty dollars.

However, because the appellant had neglected to have certified up the stenographer's notes, the court can only determine the value of the hay which the defendant company had in its hands by the pleadings and the decree. On the trial before the chancellor, of course, it was shown that the railroad company had the two cars of hay in its hands, that it disposed of it, the reasonable cash market value thereof, the charges to be deducted therefrom; in fact the amount adjudged against the railroad company was the amount which they agreed to pay in the agreement in the

record and arrived at according to the terms of that agreement.

We think the chancellor may have erred in adjudging the amount found to be due by the railroad company under the testimony against the appellant as a "garnishee," but we respectfully submit that had the stenographer's note been brought up so that this court could intelligently determine the basis for the decree it would have been shown that taken in connection with the agreement, the decree against the appellant for three hundred twenty-four dollars was just and reasonable.

The court will do substantial justice.   The appellant railroad company by its agreement admitted the possession of two carloads of hay the property of the defendant Fowler.   By the agreement, the appellant railroad company was excused from further pleading in the cause and had no obligation in the matter further than to pay over the proceeds of the hay according to the decree of the court, and it is the contention of the appellee that this should be the order entered herein and that the appeal should be dismissed.

Ethridge, J., delivered the opinion of the court.

H. J. Lawler sued out an attachment in chancery against F. A. Fowler, a resident of Kansas City, Mo., doing business as the Gateway Hay Company, suing for the sum of nine hundred thirty-eight dollars and thirty-seven cents, and making the Yazoo & Mississippi Valley Railroad Company a defendant, alleging that the said railroad company has two carloads of hay in its possession in the district and county, and praying for a judgment against Fowler, and that the effects in the hands of the railroad company be bound and subjected to the payment of complainant's claim, and for general relief.   No answer was filed by the railroad company, and no decree *pro confesso* taken against it, but an agreement was entered into between the complainant and the two defendants, signed by

the separate attorneys representing each party to the suit, which agreement is as follows:

"It is agreed by and between the parties to the above cause that defendant, Yazoo & Mississippi Railroad Company, is authorized and empowered to sell the hay attached in said suit for its reasonable value and hold the proceeds of such sale subject to the order of this court, after deducting freight charges, demurrage charges, and any other proper railroad charges on said shipment."

The defendant, Fowler, filed an answer denying the debt sued on and a cross-bill claiming two thousand five hundred sixty-eight dollars and forty-two cents against the complainant. The agreement above set out was filed August 14, 1920. An agreement was entered between the complainant and the defendant, Fowler, that the cause be tried and determined in vacation. This agreement was not signed by the railroad company or its attorneys. On September 24, 1921, the chancellor rendered his decree, adjudging plaintiff entitled to recover of the defendant, Fowler, the sum of eight hundred sixteen dollars and thirty-seven cents, and recited in his decree:

"The court further finds that said defendant, Yazoo & Mississippi Valley Railroad Company, is and at the time of the service of writ of garnishment herein was indebted to the defendant, T. A. Fowler, in the sum of three hundred and twenty-four dollars,"—and rendered judgment against the railroad company for that amount, and against Fowler for the amount above named. From this decree this appeal is prosecuted.

There is nothing in the record to show that any answer was filed by the railroad company, or that any sale was made by it of the hay under agreement, nor what the amount was, and there is nothing to show that it was in court at the trial in vacation. The pertinent part of section 506, Code of 1906 (Hemingway's Code, section 262), providing for the trial in vacation in the chancery court, provides as follows:

"And by consent of the parties or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation."

The court had no power under this statute to try any issue in vacation affecting appellant without its consent, and there is nothing to show consent recited in the decree, and nothing in the record to show consent. It was error to render judgment against the Yazoo & Mississippi Valley Railroad Company.

The judgment, in so far as it affects said railroad company, will be reversed, and the cause remanded to be proceeded with in accordance with law.

*Reversed and remanded.*