CALLICOTT v. HORN.[*]

(Division A. Feb. 2, 1925.)

[102 So. 850. No. 24196.]

1. EQUITY. *Judge of chancery court cannot sign and enter decree in vacation without entering order on minutes in term.*

Under section 506, Code of 1906 (section 262, Hemingway's Code), the judge of the chancery court is without power to sign and have entered a decree in vacation; the court not having entered an order on the minutes in term time taking the case under advisement, the parties not consenting thereto.

2. EQUITY. *Decree entered in vacation not in conformity with or authorized by statute or consent of parties is void.*

Power to sign decrees and try causes in vacation on the part of judges and chancellors must be derived from the statute, or by consent of the parties, and a decree entered in vacation not in conformity therewith or not so authorized is void.

*Headnotes 1. Equity, 21 C. J., section 831 (1926 Anno.); 2. Equity, 21 C. J., section 831 (1926 Anno.).

APPEAL from chancery court of Bolivar county.
HON. G. E. WILLIAMS, Chancellor.
Suit by Paulus Horn against C. G. Callicott. From a decree for complainant, defendant appeals. Reversed and remanded.

*Maynard, Fitzgerald & Venable* and *F. H. Montgomery,* for appellant.

*Cutrer & Smith,* for appellee.

·Briefs in this case not available to the reporter.

Argued orally by *F. H. Montgomery,* for appellant, and *E. M. Smith,* for appellee.

McGOWEN, J., delivered the opinion of the court.

Paulus Horn filed his bill in the chancery court for the specific performance of a contract against C. G. Callicott based upon a contract for the purchase of a plantation. From a decree sustaining complainant's contention the defendant in the court below appeals

here.  Much proof was taken in the court below, but, in view of the conclusion reached by us that this case must be reversed, we shall only notice one assignment of error which we deem vital.

The assignment of error to which we shall refer is as follows:

"The decree was signed by the chancellor in vacation when no order had been entered on the minutes of the court in term time at which the case was tried and submitted for decision, taking the case under advisement for decision in vacation."

The record discloses that this case was tried and submitted for decision at the regular February term, 1922, of the chancery court of the First district of Bolivar county.

The decree bears date of December 29, 1922, and recites that "by order and decree of the court this cause was taken under advisement for decision and decree in vacation as in term time."  The record further shows that at the February term, 1922, of the court, no order was entered taking this cause under advisement, and it is conceded in the briefs that no order appears on the minutes of the court.

There intervened the time for holding another term of court between the date of the February term and the date of the decree December 29, 1922.  The decree was signed by the chancellor a few days before his term of office expired, which was the first Monday of January, 1923.  This cause was attempted to be disposed of by the decree signed and entered in vacation, and the action of the court was duly excepted to by the defendant there, the appellant here.  No consent of the parties appears in the record to try the cause in vacation, and the decree itself is certainly a substantial part of a trial.

No power is vested in our courts to try causes in vacation, unless such power is expressly vested by statute, and authority for a decree entered by a chancellor in vacation must be found in the statute.

The statute controlling here is section 506 of the Code of 1906 (section 262, Hemingway's Code), which reads as follows:

"*The chancellor may try causes in vacation.*—A chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of the court; and by consent of the parties or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation. Such decrees and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases."

It will be seen from the language of this statute that a chancellor may sign decrees in vacation when heard in term time; and by the consent of the parties he may try causes and enter decrees in vacation. The record discloses in this case that the court heard same at a regular term and did not enter a decree taking the cause under advisement, and without such an order on the minutes of course the chancellor was without power, unless it be found in this statute, to enter a decree in this cause, and one so entered upon the minutes is erroneously there, void, and without effect. In 124 Miss. 188, 86 So. 582, 763, *Gulf Coast Co.* v. *Gibbs,* this court held that, circuit judges "in vacation have only such powers as are granted by statute," and in that case held that the circuit judge was without power to correct the bill of exceptions in vacation and that he has only such power in vacation as is given by statute.

The statute authorizing the circuit judges to do certain acts in vacation and the one under review here authorizing chancellors to do certain acts in vacation only differ in enumerating the several powers granted by the Legislature.

It is well settled that a court of record can only speak by its minutes. Terms of court are provided for as to chancery courts, both in the statute and in the Constitution creating the court. ·

In this case there was no consent, and the court in term time must have ·conferred by order on its minutes the power upon the chancellor to sign and have entered a decree in vacation, and there is no merit in the contention that an order could be entered *nunc pro tunc.* In the first place, the term of the chancellor has long since expired, and the matter is jurisdictional. Whatever may have occurred at the February term of that court with reference to this cause, we must adhere to the rule that courts of record as to jurisdictional facts must speak by their minutes. In the case of *Wilson* v. *Rodewald,* 61 Miss. 228, the circuit judge wrote out his judgment in vacation, having taken the case under advisement, carrying the papers with him to his home in another county. Two months later he returned the papers in a box to the circuit court clerk at Leflore county, together with an elaborate opinion disposing of all the points in the case, closing with a carefully drawn judgment in favor of the plaintiffs, all in his handwriting and signed by him. A few days later Judge COTHRAN died, and HON. C. H. CAMPBELL was appointed and qualified as his successor. At the next term of the court, upon motion, this judgment was entered as prepared by the deceased judge at the term time as the law then provided.

The court then very aptly stated the rule:

"And it is evident that without some statute there can be no authority in a judge to pronounce a judgment in vacation. The rendition of a judgment is the highest of judicial acts, and belongs to a court, and not to the person of· the judge; nor is this principle changed by our statute, section 1707 of the Code of 1880, by which judges are authorized to take cases under advisement."

So that in the instant case the power to take the cause under advisement was lodged in the court and not in the

particular judge or chancellor who presided over the court, and the court as to jurisdictional matters only expresses itself by its recorded minutes made in term time. And so this cause was not, according to the record, in our view, taken under advisement, but remained a pending cause undisposed of in the same manner as if the chancellor had died or resigned, or in some other manner had become disqualified as judge of the court. No other rule is safe.

On January 26, 1925, Division B of our own court, speaking through Judge ANDERSON, held that the chancery court is without power to hear and determine a cause in vacation without the consent of the parties thereto. See *J. J. Newman Lumber Co.* v. *Allen Pace et al.,* 102 So. 570. Judge ANDERSON said in the opinion, *supra*:

"Courts are powerless to act in vacation, unless expressly authorized so to do by statute. . . . Clearly there is no authority there for a trial in vacation in whole or in part, if there be such a thing as a partial trial of a cause. By that provision of the statute it was intended alone to authorize the chancellor to decide and render decrees in vacation in causes already tried and submitted to him."

To the same effect is *Y. & M. V. Railroad Co.* v. *Lawler,* 130 Miss. 421, 94 So. 219, where it is said: "The court had no power under this statute to try any issue in vacation affecting appellant without its consent."

The decree in the instant case being an entirety, and a necessary part of the trial, preparing and signing the decree on December 29, 1923, was not by consent and any authority of law.

The decree is void, and we cite as sustaining that view *Coopwood* v. *Prewett,* 30 Miss. 206; *Scarborough* v. *Smith,* 52 Miss. 517; *Wilson* v. *Rodewald,* 61 Miss. 228; *Gulf Coast Co.* v. *Gibbs,* 124 Miss. 188, 86 So. 582, 763; *Y. & M. V. Railroad Co.* v. *Lawler,* 130 Miss. 421, 94 So. 219; and *J. J. Newman Lumber Co.* v. *Allen Pace et al.* (Miss.), 102 So. 570.

No final decree was ever entered in this cause, and it is accordingly reversed and remanded for another trial.

*Reversed and remanded.*