DAVID SCARBOROUGH v. HARRISON NAVAL STORES COMPANY.

[51 South. 274; 52 South. 143.]

MOTION TO STRIKE STENOGRAPHER'S REPORT OF THE EVIDENCE FROM THE RECORD.

1. APPEALS.  *Stenographer's report of evidence.  Notice to attorneys.*  Code 1906, § 797.

Where the stenographer's report of the evidence introduced in a case is in fact examined and approved by a party litigant, in person or by his attorney, his motion in the supreme court to strike the same from the transcript of the record will not be sustained because the clerk of the trial court failed to comply with Code 1906, § 797, providing that upon the filing of such report by the stenographer the clerk shall notify each attorney interested in the case that the same has been filed.

2. ATTORNEY AND CLIENT.  *Acts of attorney.  Matters of procedure.*  *Conclusivenss.*

The act of an attorney, so far as the procedure in a case is concerned, are binding on his client.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Scarborough, appellant, was plaintiff in the court below; the Naval Stores Company, appellee, was defendant there.   From a judgment in defendant's favor plaintiff appealed to the supreme court.

When the case reached the supreme court the appellee moved the court to strike from the transcript the stenographer's report of the evidence (called the stenographer's notes) because of a failure by the clerk of the trial court to comply with Code 1906, § 797, providing that upon the filing of such report (notes) by the stenographer the clerk shall notify each attorney interested in the case that the same has been filed.

The facts are fully stated in the several opinions of the court; controlling and dissenting.

*H. L. Doty; Ford, White & Ford,* and *McWillie & Thompson,* for the motion.

*E. M. Barber, contra.*

WHITFIELD, C. J., delivered the (first) opinion of the court, sustaining the motion.

This is a motion to strike out the stenographer's notes because one of the firms representing the defendant below, Ford, White & Ford, was not notified in any way by the clerk, as required by Code 1906, § 797, that said notes had been received by the clerk and were on file. There is a conflict of evidence between the deputy circuit clerk, on the one hand, and Mr. Ira Ford and Dr. W. R. Kell, the family physician of Ira Ford, on the other hand. The statute makes it the imperative duty of the circuit clerk to notify each attorney or firm. The language of the statute is as follows: "As soon as the stenographer's notes, transcribed, shall be first received by the clerk of the circuit court, he shall notify each attorney, or firm, interested in such case, by mail or in person, that said notes were received and are on file." In this case it appears that the firm of Doty & Elmer were first employed by the appellee corporation, and filed certain pleas, and that later some members of this corporation employed another firm, Ford, White & Ford, to represent them in the case, and they filed certain other pleas.

It is a very easy matter for the circuit clerk to comply with this very wholesome statute. It is his duty to give this notice, as the statute requires, to each firm interested in the case, and this duty he should discharge promptly and carefully. We do not care to say more about the testimony in this case on this point than that the testimony does not show, satisfactorily, that the clerk complied with this duty. He has not met the burden imposed upon him by the law, by a sufficient showing. The statute means exactly what it says—that he shall notify each attorney or each firm interested in the case. For very obvious reasons, each separate firm interested in the case should be notified, and in this case it is, we think, sufficiently clear that the firm of Ford, White & Ford were not notified in any manner that these notes were filed within the proper time. If we were to hold that it would be sufficient to notify one firm, where two are interested, it might be that the leading firm might never have notice, and yet the statute be held to be complied with. It is not for us to question the wisdom of the legislature in providing strictly, as it has done, that the clerks shall notify each attorney or firm interested. We cannot legislate. Our duty is simply to enforce the statute as it is written.

*The motion is sustained, and the notes stricken out.*

SMITH, J., delivered the following opinion, dissenting from the order sustaining the motion.

I think the question of notice to counsel is wholly immaterial on the facts in this record, for the reason that the stenographer's notes were in fact examined and approved by Mr. Doty, of the firm of Doty & Elmer, and of counsel for appellee. On February 3d, within the time required by law, the transcribed notes were handed to Mr. Doty by Mr. E. M. Barber, counsel for appellant. After examining same, the notes were by both of these gentlemen approved; said approval being in the following language: "These notes approved on this 3d day of February, 1909. E. M. Barber, Attorney for Plaintiff. Doty & Elmer, Attorneys for Defendant."

In *Hines v. Shumaker* (decided at a former day of the present term) *ante,* 477, 50 South. 564, this court, speaking through WILBOURN, Special Judge, said: "But, conceding that the notice required by the statute was not given, we are further of the opinion that the question of notice or no notice was rendered immaterial by the fact that after the transcribed notes were filed by the stenographer, and examined and approved by appellants, the leading counsel for appellee retained the said notes for the purpose of examination for more than five days, did examine them, returned them to the clerk, and filed no written suggestions of corrections of said notes. Clearly the object of the notice required by the statute is to afford the parties to the litigation an opportunity to inspect the notes and suggest corrections within the time allowed them, and to put them in default in the event they do not exercise the right to the use of the notes, for the purpose of inspection and correction, for the period prescribed by the statute. If the appellee exercises, himself or through counsel, the right to use and inspect the notes for the period allowed the appellees under the statute, and omits to file written suggestions of corrections the question of notice becomes just as immaterial as is the question as to whether or not process was issued and served in a suit where the defendant voluntarily appears. The acts of Mr. Flowers were binding upon his client, and we think, therefore, that no matter whether the notice was legally sufficient or not, and irrespective of the question of notice, the stenograhper's notes became a part of the record by operation of law under the facts of this particular case, without either the signature of the judge or any agreement of counsel, and by the express provisions of the statute itself."

In the case at bar appellee, through his counsel, not only examined the notes, but actually approved same. When the notes are in fact examined and approved by a party litigant, either in person or by his attorney, the benefit intended to be conferred by the notice has been obtained. The acts of an

attorney, so far as the procedure in a case is concerned, are always binding on his client.

It follows, therefore, that I am of the opinion that this motion ought to be overruled.

After the delivery of the foregoing opinion and the entry of the order striking the stenographer's report of the evidence (notes) from the transcript, *Mayes & Longstreet,* for appellant, filed an elaborate suggestion of error, which was sustained, as shown by the following opinion.

SMITH, J., delivered the opinion of the court in response to the suggestion of error.

Appellee was represented in the court below by two firms of attorneys, to wit, Messrs. Doty & Elmer and Messrs. Ford, White & Ford. There is a conflict in the evidence as to whether any member of the latter firm was notified, as required by section 797 of the Code, that the stenographer's notes had been filed with the clerk.

The question of notice to the firm of Ford, White & Ford is wholly immaterial, for the reason that on February 3d, within the time required by law, the transcribed notes were handed to Mr. Doty, of the firm of Doty & Elmer, by Mr. E. M. Barber, counsel for appellant, and after an examination of same the notes were by both of these gentlemen approved. This approval is in the following language: "These notes approved on this 3d day of February, 1909. [Signed] E. M. Barber, Attorney for Plaintiff. Doty & Elmer, Attorneys for Defendant." In *Hines v. Shumaker,* ante, 477, 50 South, 564, this court, speaking through WILBOURN, Special Judge, said: "But, conceding that the notice required by the statute was not given, we are further of the opinion that the question of notice or no notice was rendered immaterial by the fact that after the transcribed notes were filed by the stenographer, and examined and approved by appellants, the leading counsel for appellee

retained the said notes for the purpose of examination for more than five days, did examine them, returned them to the clerk, and filed no written suggestions of corrections of said notes. Clearly the object of the notice required by the statute is to afford the parties to the litigation an opportunity to inspect the notes and suggest corrections within the time allowed them, and to put them in default in the event they do not exercise the right to the use of the notes, for the purpose of inspection and correction, for the period prescribed by the statute. If the appellee exercises, himself or through counsel, the right to use and inspect the notes for the period allowed the appellee under the statute, and omits to file written suggestions of corrections, the question of notice becomes just as immaterial as is the question as to whether or not process was issued and served in a suit where the defendant voluntarily appears. The acts of Mr. Flowers were binding on his client, and we think, therefore, that no matter whether the notice was legally sufficient or not, and irrespective of the question of notice, the stenographer's notes became a part of the record by operation of law under the facts of this particular case, without either the signature of the judge or any agreement of counsel, and by the express provisions of the statute itself."

In the case at bar appellee, through its counsel, not only examined the notes, but actually approved same. When the notes are in fact examined and approved by a party litigant, either in person or by his attorney, the benefit intended to be conferred by the notice has been obtained. The acts of an attorney, so far as the procedure in a case is concerned, are always binding on his client.

The suggestion of error is sustained, the judgment heretofore entered, striking the stenographer's notes from the files, is set aside, and *the motion to strike said notes from the files is overruled.*