Mch., 1921] McBee & Gossett v. Cahaba Const. Co. 227

125 Miss.]                          Syllabus.

McBee & Gossett v. Cahaba Const. Co. *et al.*

[87 South 481. No. 21889.]

1. APPEAL AND ERROR. *When stenographer's transcript of evidence will be stricken under statute stated.*

   A stenographer's transcript of the evidence, filed pursuant to a notice so to do, given within the time prescribed by law, will not be stricken from the record for any reason, "unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this act."

2. APPEAL AND ERROR. *Striking stenographer's transcript of evidence no ground for dismissal of appeal.*

   An appeal will not be dismissed for the reason that the stenographer's transcript of the evidence has been stricken from the record.

APPEAL from circuit court of Washington county.
HON. S. F. DAVIS, Judge.

Proceeding between McBee & Gossett and the Cahaba Construction Company and others. Judgment for the latter, and the former appeal. On motion to strike stenographer's transcript and to dismiss appeal. Overruled.

*Walton Shields,* for appellants.

*Percy & Percy,* for appellees.

SMITH, C. J., delivered the opinion of the court.

This case comes on to be heard on a motion by counsel for the appellee to strike the stenographer's transcript from the record and to dismiss the appeal for the reason that the transcript was not filed within the time allowed by law; it having in fact been filed more than one year

after the rendition of the judgment appealed from. The appeal bond was not filed until after the expiration of the time allowed by law for appeals to this court, but the rights of-the appellee growing out of that fact are not involved on this motion; there being an agreement in the record by counsel covering that question.

We assume, as there is no contention to the contrary, that notice to transcribe his notes of the evidence was served on the stenographer within the time provided by law. Section 797d, Code of 1906 (section 585, Hemingway's Code), which is now a part of chapter 145, Laws 1920, provides that—

"If notice as above is given to stenographer by the appellant or his counsel within ten days after the conclusion of the terms of court, no stenographer's transcript of his notes shall be stricken from the record by the supreme court, *for any reason* (italics supplied) unless it be shown that such notes are incorrect in some material particular, and then only in cases where such notes have never been signed by the trial judge, nor been agreed on by the parties, nor become a part of the record as provided by this act."

Under this statute, since no claim is here made that the transcript of the evidence is incorrect in any particular, the motion to strike it from the record must be overruled.

The motion to dismiss the appeal would have to be overruled, even though the motion to strike the transcript from the record should be sustained, for the absence of a transcript of the evidence does not bar an appeal on the record proper.

*Overruled.*