BEDWELL v. STATE.

[94 South. 220.  No. 22660.]

HOMICIDE. *Evidence held sufficient to warrant peremptory instruction for accused.*

Under the facts, as set out in the opinion, *held,* that a peremptory instruction to find the defendant not guilty should have been granted.

APPEAL from circuit court of Walthall county.

HON. D. M. MILLER, Judge.

Elijah Bedwell was convicted of manslaughter, and he appeals. Reversed, and defendant discharged.

*L. W. Felder,* for appellant.

*H. C. Holden,* assistant attorney-general, for the state.

No brief found in the record for either side.

COOK, J., delivered the opinion of the court.

The appellant, Elijah Bedwell, was indicted for murder in the circuit court of Walthall county, and convicted of manslaughter, and, from the judgment sentencing him to the penitentiary for three years, he prosecuted this appeal.

There is no material conflict in the testimony in this record. The appellant, a boy seventeen years old, had been discharged from the army for physical disability, and at the time of the difficulty was delicate and sickly, weighing only about one hundred twenty pounds. The deceased was a man of powerful physique, about thirty years of age, and weighing about one hundred eighty pounds. The deceased married appellant's sister and was temporarily residing in the home of B. S. Smith, who had also married a sister of appellant.

On the day of this unfortunate tragedy appellant was visiting at the home of his brother-in-law B. S. Smith, but before he arrived at the Smith home the deceased had left for Tylertown, and he did not return until about 1 o'clock. While in Tylertown the deceased secured a bottle of "moonshine" liquor and drank some of it on the return trip. When the deceased and his companion, a son of B. S. Smith, returned home, the appellant went out and greeted them and assisted them in unhitching and feeding their horses. Returning to the house they entered the dining room, where the deceased began eating dinner, while the appellant stood nearby manicuring his nails with a pocket knife.

There had been no previous difficulty or hard feelings between appellant and deceased, and up to that time their conversation had been friendly. While the meal was in progress, however, the deceased referred to a debt which he had contracted while he resided in Marion county and which had been guaranteed by appellant's father and another, and asked appellant a question about it. Appellant answered in a civil manner, but deceased appeared to become very much enraged and accused appellant of meddling with the affair. The appellant denied that he was

having anything to do with it, and deceased thereupon began cursing appellant's father and appellant himself. The deceased then assaulted appellant, and caught him around the neck and began choking him. In the scuffle that ensued deceased forced appellant through a door into a front room. There was a shotgun lying under a bed in this front room, and deceased forced appellant across the room to the side of this bed where the gun was lying. Still choking appellant with his right arm and hand, deceased then reached for this gun, and as he did so appellant struck one blow with the open knife which he had held in his hand during the entire scuffle. The blade of the knife entered the chest of deceased near the heart and they both fell to the floor, appellant being partly under his assailant. The appellant made no further effort to use the knife, and, as he got up from the floor, Mrs. Miller, wife of the deceased, took the knife from his hand and threw it out the door. The wounded man lived only a few minutes after this blow was struck.

Under this testimony we think the peremptory instruction requested by appellant should have been granted. The undisputed evidence shows that appellant did nothing to provoke the attack on him; that this frail and sickly lad was wholly unable to cope with his powerful assailant; that he was choked and dragged to a point where a shotgun was lying; that when he struck the fatal blow his assailant was reaching for his gun; that appellant had an open knife in his hand at the time he was attacked, but during the entire struggle he made no effort to use this knife until his antagonist was in the act of seizing this gun. Certainly these facts were sufficient to create in the mind of the accused a reasonable apprehension of danger of losing his life or suffering some great bodily harm at the hands of his assailant, and, since there are no facts or circumstances in evidence to contradict the testimony of the accused that he acted in defense of his own person when he struck the fatal blow, we conclude that the appellant was

entitled to the peremptory instruction which the court refused to grant.

The judgment of the court below will therefore be reversed, and appellant discharged.

*Reversed, and appellant discharged.*