## J. J. NEWMAN LUMBER CO. *v.* PACE *et al.**

(Division B.   Jan. 26, 1925.)

[102 So. 570.   No. 24548.]

COURTS. *Chancery court cannot hear and determine cause in vacation without consent of parties.*

Under section 506, Code of 1906 (section 262, Hemingway's Code), the chancery court is without power to hear and determine a cause in vacation without the consent of the parties thereto.

---

*Headnote. Courts, 15 C. J., section 270.

APPEAL from chancery court of Lamar county.
HON. T. P. DALE, Chancellor.

Suit by the J. J. Newman Lumber Company against Allen Pace and others. From a decree for plaintiff, defendants appeal. Reversed and remanded.

*L. Hennington, S. E. Travis* and *H. C. Holden,* for appellant.

The order submitting the cause for the hearing of further testimony in vacation on the question of damages only was and is void. The chancellor has stated in his opinion that the testimony was insufficient to support any decree for damages. This order was made during the December, 1923, term of the court (which began December 17th and ended December 22, 1923), after appellant's notice to remand the cause to the

docket for the taking of further testimony on the merits had been overruled, and consequently was objected to by appellant. The original order under which the case was taken under advisement for decision in vacation expired with the beginning of the December, 1923, term of the court. The court was without power to submit a cause for the hearing of further testimony in vacation, except "by the consent of the parties or of their solicitors of record." Hemingway's Code, section 262. "Vacation means that period between the ending of one term and the beginning of the next." *Union Motor Car Co.* v. *Cartledge,* 97 So. 801.

This court has said, after quoting from said Code section: "The court had no power under this statute to try any issue in vacation affecting appellant without its consent." *Y. & M. V. R. R. Co.* v. *Lawler,* 94 So. 219. Here then, the court ordered the case submitted for the hearing of further testimony in vacation on the question of damages over appellant's objection, and proceeded to the taking of further testimony and rendered final decree accordingly in vacation, in violation of said statute and the said decision. The decree for damages is, therefore, clearly, certainly void.

In any and all events it has been shown that the decree for damages is wholly void and should be reversed and the cause remanded.

*Davis, Wallace & Yeager,* for appellees.

Counsel for appellant contend that the decree assessing damages is void because the court set the cause for hearing of further testimony on the question of damages only, in vacation, over the objection of the appellant. If the order of the court setting the cause for hearing of further testimony on December 28, 1923, is subject to the construction placed upon it by counsel for appellant, it is because of unartfulness in its preparation. It was understood that the objection of counsel for appellant,

did not go to the setting of the case for further hearing
in vacation, but to that part of the order providing for
the taking of further testimony on the question of dam-
ages only, the same objection that would have been made
if the case had been proceeded with during the regular
term.    However, we do not wish to be understood as
requesting the court to go out of the record to decide the
case.    The opinion of the court shows that the chancellor
decided the case in favor of the appellees, including their
right to recover damages, but as to the exact amount
of damages, the court desired further testimony.

The court had the right to take the cause under further
advisement for entering of a decree in accordance with
the opinion, and the decree is valid, certainly as to
dismissal of the bill and the dissolution of the injunction,
and the right of the appellees to recover the damages
suffered by reason of the wrongful suing out of the
injunction.    The contention of appellants that the court
erred in overruling its motion to reopen the case on its
merits is without foundation.    The cause had been sub-
mitted and a written opinion forwarded to counsel for
both the appellant and the appellees.    The court had
decided the case in full on the merits.    The court had
the right to enter the decree dismissing the bill and
dissolving the injunction, and to leave appellees to pur-
sue their remedy at law as to their damages or the court
might hear the evidence as to the damages in its dis-
cretion.    At most, the motion to reopen the case was ad-
dressed to the discretion of the court.    There must be
an end to law suits, and the appellant had had its day
in court, produced its testimony and submitted its case,
after the case had been decided against it by the
chancellor, in a written opinion.

*L. Hennington, S. E. Travis* and *H. C. Holden,* in reply
for appellant.

Even though the appellant may be wrong in his con-
tentions as to estoppel and fraud and other subjects

involved in this controversy, the invalidity of the decree of the lower court cannot be successfully denied. This decree is not only void as to the assessment of damages, but it is void in its entirety. Section 262, Hemingway's Code, provides that: "A chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of the court; and by consent of the parties or of their solicitors of record, he may try cases and deliver opinions and make and sign decrees therein in vacation. . . ." According to the record the court, over the objection of appellant, at the December term, 1923, ordered the case set for hearing in vacation on December 28th. This decree shows that the appellant objected and excepted to this procedure. The original agreed decree, providing that the case be taken under advisement and have decision in vacation, expired with the beginning of the December, 1923 term. So that, at the December, 1923, term it became necessary to enter a new order carrying the case over to the vacation following that term, and this decree had to be with the consent of both parties or of their solicitors. This consent not having been given, the whole proceedings and final decree in vacation were utterly void. *Union Motor Car Co.* v. *Cartledge,* 97 So. 801; *Y. & M. V. R. R. Co.* v. *Lawler,* 94 So. 219; *Rutherford et al.* v. *Eastman Gardner Lumber Co. et al.* 133 Miss. 289, 97 So. 670.

It will be noted that the decree of December 21, 1923, does not take the case under advisement but sets the case for hearing in vacation. Had this decree simply taken the case under advisement, consent of the parties or their solicitors would not have been necessary, under the statute. But this was not done.

ANDERSON, J., delivered the opinion of the court.

The appellant, J. J. Newman Lumber Company, filed its bill in the chancery court of Lamar county against

Allen Pace and others, by which it sought to cancel clouds upon its alleged title to timber on forty acres of land, and establish its title thereto, and pending the litigation to enjoin appellees from cutting and removing said timber. A writ of injunction was issued and served as prayed for by appellant. The entire cause—the main case as well as the injunction branch—was disposed of in one decree, rendered and entered in vacation.

One assignment of error is that the decree is void because the court was without authority of law to hear the cause or any part of it, and enter a decree in vacation, without the consent of the parties, which was not had. We find it unnecessary to notice any other assignment of error, because, in our view, this assignment must be sustained and the cause go back for another trial.

The controlling facts out of which this question arises are substantially as follows: The cause came on for final hearing on the pleadings and proofs at the regular June term, 1923, of the chancery court of Lamar county. The final decree recites that at that term of the court the cause was, by agreement of the parties, taken out by the court for decision in vacation. The final decree recites, further, as follows, with reference to the hearing and decision of the cause: That on November 9, 1923, before the next regular term of the court, the chancellor delivered a written opinion in the cause which was final therein, and a copy handed solicitors for the respective parties; that no decree, however, was entered during that vacation; that the cause then came on for hearing during the regular December term, 1923, of the court, when the court, after considering the same, entered an order setting the cause for further hearing in vacation on the 28th day of December, 1923, "for the taking of further evidence as to the damages suffered by the defendants Howard and Lott, and for the entering of a final decree in said cause in accordance with the said written opinion." That on December 28, 1923, in accordance with said order so made, the cause "came on

for further and final hearing, and the court having heard and considered said cause, took the same under further advisement, and doth find from the evidence" against appellant, etc. Then, in the same decree, the injunction issued in the cause was dissolved and appellees Howard and Lott were awarded damages suffered by them against the principal and sureties on the injunction bond. Appellant objected to the cause being taken out for further hearing, and decree in vacation.

Appellees contend that the action of the court in this respect was authorized by section 506 of the Code of 1906 (section 262, Hemingway's Code). Courts are powerless to act in vacation unless expressly authorized so to do by statute. If there was any authority of law for the partial trial of this cause and the rendition of final decree in vacation, it must be found in the statute above referred to. In our opinion it contains no such authority. It provides that the chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement at a term of the court. Clearly there is no authority there for a trial in vacation in whole or in part, if there be such a thing as a partial trial of a cause. By that provision of the statute it was intended alone to authorize the chancellor to decide and render decrees in vacation in causes already tried and submitted to him. There follows then a provision of the statute that:

"By consent of the parties of their solicitors of record he may try causes and deliver opinions and make and sign decrees therein in vacation."

There is nothing in the statute authorizing the action of the court taken in this cause. The record shows in unmistakable terms that appellant objected to the hearing and the decree had in this cause in vacation. The court in its decree taking it out for hearing expressly so states.

It was held in *Y. & M. V. R. Co.* v. *Lawler*, 130 Miss. 421, 94 So. 220, that under this statute the chancery

court could not try a cause and make a valid decree against a party in vacation who had not agreed to a vacation trial. It is said in the opinion in that case, among other things:

"The court had no power under this statute to try *any issue* in vacation affecting appellant without its consent.

It is undisputed that in the case at bar the court at least tried one issue in vacation without appellee's consent, namely, the question of damages on the injunction bond. And without the consent of appellant, the decree on that branch of the case, as well as on the main case, was made and entered in vacation. The decree is an entirety. The court could not split the cause up and without the consent of the parties try a part of it in term time and a part of it in vacation. The entire decree in this case is affected by the unauthorized act of the court. As we view it, the trial of this cause was begun at the regular term of a court, but was proceeded with and finally determined in vacation without the consent of the parties. The hearing in vacation on the 28th day of December, 1923, was the controlling, and, in fact as we see it, the final hearing of the cause. As a result of that hearing a final decree was entered adjudicating all the questions in the cause. We are therefore forced to the conclusion that the action of the court in rendering a final decree in this case in vacation was without authority of law. The court was without power to act.

*Reversed and remanded.*