B. F. GOODRICH RUBBER CO. *v.* HOLLAND.

(Division A. Jan. 19, 1931.)

[131 So. 882. No. 29065.]

Percy Bell, of Greenville, and **Willis Bacon**, of Akron, Ohio, for appellant.

**Frank E. Everett**, of Indianola, for appellee.

Argued orally by **Percy Bell**,.for appellant, and by **J. M. Forman**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an attachment in chancery under the statute now appearing as section 173 of the Code of 1930. The cause of action sued on is an alleged libel alleged to have been published of and concerning the appellee by an attorney at law residing in Akron, Ohio, the domicile of the .appellant. It appears from the pleadings and the evidence that the Holland Motor Company in which the appellee was interested was indebted to the appellant. It was advised by an attorney at law, with whom it had placed its claim against the appellee for collection, that a proceeding in bankruptcy would lie therefor, to which the appellant agreed and authorized the attorney to institute such a proceeding. In order to obtain the two other claims against the Holland Motor Company, necessary for the support of a petition in bankruptcy, this attorney without the knowledge or the consent of the appellant, wrote the Indianola Lumber Company, another creditor of the Holland Motor Company, stating that he represented the appellant who desired to institute bankruptcy proceedings against the Holland Motor Company and requested it (the Indianola Lumber Company) to send him a statement of their claim against the Holland Motor Company and authorize him to include it in the bankruptcy proceeding. This letter contained several references to the appellee which he claims are libelous per se and in excess of any privilege relating to it. The court below so held and awarded the appellee damages.

We are relieved from deciding all but one of the several questions presented for decision, for the reason that the soliciting of other creditors of the Holland Motor Company to join with the appellant in the contemplated bankruptcy proceeding was not within the scope of the employment by the appellant of the attorney who wrote the letter to the Indianola Lumber Company here complained of. The authority of an attorney employed to prosecute or defend a litigation embraces all matters of procedure, and his right to act relative thereto is absolute. Scarborough v. Naval Stores Company, 95 Miss. 497, 51 So. 274, 52 So. 143. But "the assumption by an attorney at law, even if generally retained, of authority to act for his principal outside of the due and orderly prosecution, defense, or conduct of litigation or proceedings in courts does not create any presumption of actual authority so to act, but, as in the case of other agents, his acts must be shown to be within the scope of his authority, else they will not bind his principal." Horseshoe Mining Co. v. Miners' Ore Sampling Co. (C. C. A.), 147 Fed. 517, 518; Stone v. Bank of Commerce, 174 U. S. 412, 421, 19 S. Ct. 747, 43 L. Ed. 1028; 6 C. J. 641; 2 R. C. L. 976; 1 Thornton on Attorneys at Law, section 230. (What authority an attorney has to act for his client after the litigation in which he was employed has terminated is, of course, not here involved.) Procuring the joinder of parties in a proposed or pending litigation by means other than ordinary court process is collateral to, but not a part of, the procedure therein, and since no special authority so to do was here given by the appellant to its attorney, it is not liable for the results that may flow from the assumption by its attorney of such authority.

The decree of the court below will be reversed, and the bill will be dismissed.

Reversed, and bill dismissed.