WINTERS, et al. *v.* CARVER, et al.

No. 42907          March 2, 1964          161 So. 2d 202

*Albert S. Johnston, Jr.,* Biloxi, for appellants.

*Gex & Gex,* Bay St. Louis; *Harmon W. Broom,* Jackson, for appellees.

McElroy, J.

This is an appeal from the Chancery Court of Hancock County, Mississippi where petitioners, appellants here, filed on February 18, 1963 a motion to set aside a decree dismissing contest of will and reinstating the cause on triable docket. The court disallowed the petition, stating it did not have jurisdiction of the matter.

The petition states that the decree of November 16, 1962 decided in vacation was made, signed and entered without the knowledge or consent of movants; that movants had not authorized or directed, or otherwise intimated, their former attorney to discontinue their contest of the will; and that movants appeared at the time

at which they had notice of the hearing and tried to talk to the judge.

■■ The assignment of errors shows that the decree dated November 16, 1962 was rendered without precedent order entered in term time provided for vacation hearings and decrees, and the same is void and may be attacked anywhere at any time.

On May 23, 1962 the complainants filed a bill contesting the will on grounds the decedent was not of sound and disposing mind and memory and understanding; that the purported will was not executed in the manner provided by law and was not the true last will and testament of decedent.

A motion for costs was filed June 11, 1962 on behalf of defendants, proponents of the will. An answer was filed June 11, 1962 for those upholding the will. The attorney for contestants made a motion for time on October 25, 1962. A motion for contestants for records was filed on October 26, 1962.

The decree, given the 16th day of November, 1962, states that the matter was heard in vacation "upon an agreed stipulation by Counsel for Complainant and Respondent that said cause would be heard on its merits on this the 7th day of November, 1962. . . . The Court having been advised that the contestants did not appear and pursue their contest and Counsel for proponents of the will on motion Ora tenus, that said petition, contesting the will, be dismissed for want of prosecution and that the Court being of the opinion that same is well taken and should be sustained. . . . ORDERED, ADJUDGED AND DECREED, this the 16th day of November, A. D. 1962." The decree was signed by the chancellor, and was filed in the chancery clerk's office on November 20, 1962. With the decree was filed a letter by the attorney for the beneficiary proponents of the will, stating that they had mailed a true copy of the decree to the attorney for the complainants in

the contest, and that he had received a telephone communication from the attorney advising him that his clients would not further prosecute the cause and it was in order for him to submit this decree to the chancellor. The letter was signed on November 15, 1962 by the attorney for the beneficiaries. A letter by the same attorney was sent to the chancery clerk to notify all the contestants of the will, by letter by certified mail, return receipt requested. This was filed November 20, 1962.

In a statement made into the record the chancellor said: The attorney who first represented the contestants informed him on the first day of the October term of court that he was no longer representing contestants. Another attorney then informed the chancellor that he had been employed, and that no jury would be requested. The case was later called at the October 1962 term. The attorney for contestants requested additional time, and the chancellor passed it and gave them to October 25. There had been several delays in the case, and requests for papers, records, etc. The court later overruled the motion for records. The court did delay the trial of the case, and by agreement of opposing counsel some few days beyond the close of the October, 1962 term of court, namely, until Wednesday, November 7, 1962, the cause being set for hearing in Hancock County at the courthouse in Bay St. Louis at 10:00 a.m.

It is well settled that the chancery court is a court of record and can speak only by its minutes. Terms of court are provided for as to chancery courts, both in the statute and the constitution creating the court. Section 1228 of Mississippi Code 1942, Rec., states that the chancellor may try causes in vacation.

"A chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of court; and by consent of the parties or of their solicitors of record, he may try

causes and deliver opinions and make and sign decrees therein in vacation; provided that the consent of any party against whom a decree pro confesso has been rendered or the consent of the solicitor of record of such party shall not be required. Such decrees and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases. In suits to confirm titles to real estate or to cancel clouds upon titles to real estate, a chancellor may try any cause, deliver opinions, and make and sign decrees therein in vacation. This section shall apply also to special chancellors appointed by the governor.'' Miss. Code 1942, Rec., § 1228.

''Whenever the chancery court or chancellor has lawfully set any matter in vacation for confirmation or decree, and no contest has been timely filed, if an order or decree determining the same or setting another date therefor be not entered upon such date, the chancellor shall have the power to enter an order or decree on any day prior to the adjournment of the next succeeding term, without further process. Provided, that if the matter be one in which contest might have been entered prior to the date set and such contest be filed before the entry of such order or decree, the same shall be disposed of as if such contest had been timely filed. . . .'' Miss. Code 1942, Rec., § 1228.5.

From the record there is no order at the October term showing that the court ordered this case to be tried on its merits in vacation. There is no written agreement or consent signed by the parties in this case or by the solicitors of record showing the case was to be tried or dismissed in vacation.

In the case of Callicott v. Horn, 137 Miss. 693, 102 So. 850, the court held that the chancellor can not sign

and enter decree in vacation without entering order on minutes in term time.

In the case of Y. & M.V. RR. Co. v. Lawler, 130 Miss. 421, 94 So. 219, the court held that the chancery court can not try a cause and make a valid decree against a party who has not agreed for this to be done in vacation. The same was held in J. J. Newman Lbr. Co. v. Pace, 137 Miss. 504, 102 So. 570. Under section 1228 of the Code of 1942, Rec., a chancellor may try causes and deliver opinions and make and sign decrees therein in vacation, but only by consent of the parties or of their solicitors of record.

In the case of Callicott v. Horn, supra, the court stated:

"In this case there was no consent, and the court in term time must have conferred by order on its minutes the power upon the chancellor to sign and have entered a decree in vacation, and there is no merit in the contention that an order could be entered nunc pro tunc. In the first place, the term of the chancellor has long since expired and the matter is jurisdictional. Whatever may have occurred at the February term of that court with reference to this cause, we must adhere to the rule, that courts of record as to jurisdictional facts must speak by their minutes." Cf. B. F. Goodrich Rubber Co. v. Holland, 159 Miss. 346, 131 So. 882; Hester v. Bishop, 193 Miss. 449, 10 So. 2d 350; Natis v. Jackson, 205 Miss. 490, 38 So. 2d 925; Griffith, Mississippi Chancery Practice (2d ed.), Rules in Chancery, Rule 29, p. 789.

Reversed and remanded for trial.

*Lee, C. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.