INZER, Justice.
This is an appeal by Louis P. Sperier from a decree of the Chancery Court of Harrison County adjudicating appellees Mclnnis L. Ward and his wife, Mary Katherine Ward, to be the owners in fee simple of a strip of land 30 feet by 215 feet located north of Pass Christian in Harrison County, Mississippi. The decree cancelled any claim of the appellant to the land as a cloud upon appellees’ title and enjoined appellant from asserting any further claim to the land.
Appellant raises two issues on this appeal. The first and principal question is whether the trial court had jurisdiction of this case when it rendered the decree in vacation after the case was tried during the term where there was no order entered on the minutes taking the cause out for a decree in vacation and where there was no express consent of the parties to the decree rendered in vacation. This question was not raised in the trial court, but if the trial court did not have jurisdiction of the cause at the time it rendered the decree, then under the decisions of this Court the decree is void and this question may be properly raised for the first time on appeal. Winters v. Carver, 248 Miss. 792, 161 So.2d 202 (1964). The record in this case and the opinion of the chancellor reveals that *825 this cause was beard during the January-1969 term of the court and at the conclusion of the evidence and final arguments the court announced that it was taking the cause under advisement and that a decision and decree would be made in vacation. No order to that effect was entered on the minutes. On February 7, 1969, the opinion of the chancellor was filed with the clerk of the court and it directed counsel for ap-pellees to prepare a decree in accordance with the opinion and to submit the same to counsel for appellant for approval as to form before being presented to the chancellor for his signature. The decree was approved as to form by counsel for appellant. It was presented to the chancellor who signed it and it was filed with the clerk who recorded it on the minutes of the court in vacation on February 21, 1969.
Appellees concede, and it undoubtedly was the law, that prior to the amendment of Section 1228, Mississippi Code 1942 Annotated (1956) by Chapter 336, Laws of 1966 the chancellor would not have had jurisdiction to enter a decree under the circumstances of this case. Appel-lees contend that the 1966 amendment gave the chancellor jurisdiction to enter the decree in vacation, although no order had been taken to take the cause out for a decision and decree in vacation. The well-established rule in this state is that courts are powerless to act in vacation unless especially authorized to do so by statute. Callicott v. Horn, 137 Miss. 693, 102 So. 850 (1925); J. J. Newman Lumber Co. v. Pace, 137 Miss. 504, 102 So. 570 (1925); Winters v. Carver, supra. Therefore, the question in this case resolves itself into one of whether the legislature by the enactment of Chapter 336 Laws of 1966 gave the chancery court jurisdiction to enter decrees in vacation where no order was entered on the minutes taking the cause under advisement for the rendition of such decree in vacation. We hold that it does. Chapter 336 is entitled: “AN ACT to amend Section 1228, Mississippi Code of 1942, Recompiled, so as to allow the chancellor to try causes, deliver opinions and sign decrees in vacation.” And it reads as follows:
1228. The Chancellor May Try Causes in Vacation: A chancellor may in his discretion, try causes, deliver opinions, and make and sign decrees therein in vacation. He may also deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at term time. Such decrees and all other orders shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered, and recorded in term time, and appeals may be had therefrom as in other cases. This section shall not apply to an action for procurement of a divorce which may be heard in term time only. This section shall apply also to special chancellors appointed by the governor.
Prior to this amendment Section 1228 was in the following language:
A chancellor may deliver opinions and make and sign decrees in vacation in causes taken under advisement by him at a term of court; and by consent of the parties or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation; provided that the consent of any party against whom a decree pro confes-so has been rendered or the consent of the solicitor of record of such party shall not be required. Such decrees and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the minute book of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases. In suits to confirm titles to real estate or to cancel clouds upon titles to real estate, a chancellor may try any cause, deliver opinions, and make and sign decrees *826 therein in vacation. This section shall apply also to special chancellors appointed by the governor.
A study of the development of Section 1228 from the time it was first enacted revealed that through the years the legislature has gradually increased the jurisdiction of the chancellor to act in vacation by amending Section 1228 and by the enactment of other statutes. This, in part, was brought about by the increased work load of the chancery courts. In many counties most of the regular terms of the court are taken up by the trial of contested divorce cases which mu_st be tried in term time, thus making it essential that other litigated matters be tried in vacation. Prior to the 1966 amendment, this could only be done by the consent of the parties except in certain classes of cases. This made it possible for litigants who desired to delay a trial to refuse to approve to a vacation setting, thus bringing about a congestion of the court dockets. Also, questions arose as to whether consent had been given and whether the consent had to be in writing to be binding. Several cases were reversed by this Court because no order had been entered taking the cause under advisement for an opinion and decree in vacation, although as in this case, no objection was made to the entry of the decree in vacation. Many members of the bar and the bench advocated the enlargement of the jurisdiction of the chancellor in vacation in order that the trial of cases in chancery court could be expedited. The study committee of the State Bar from time to time recommended such action. It was from this background that the legislature enacted Chapter 336, Laws of 1966.
It is apparent that the 1966 amendment gives the chancellor jurisdiction in his discretion to try any cause, deliver an opinion and make and enter a decree in vacation, except in divorce cases. It also gives him jurisdiction to deliver an opinion and make and sign a decree in vacation in a cause which was taken under advisement by him during term time. It is also specifically provided that such decree signed in vacation shall be entered on the minute book of the court in which the cause or matter is pending and when so done it shall have the same force and effect as if made and entered during the term. It is our opinion that the clear meaning of these provisions is to give the chancellor jurisdiction to try causes, deliver opinions and make and sign decrees in vacation in his discretion without first entering a decree during the term setting the cause for such proceeding in such vacation. However, it should be pointed out that when a cause is taken out of regular term for a hearing in vacation, it is still a good practice to enter an order during the term time setting a trial in vacation fixing the time and place it is to be heard. It is also a better practice where a case is tried during the term and is taken under advisement to enter an order during the term taking the cause under advisement for a decision and decree in vacation. The entry of such an order will preclude many questions that could arise absent an order.
Appellant does not contend and we are unable to see how he was in any manner prejudiced by the entry of the decree in this case in vacation. He had notice of the decision of the chancellor and approved the decree as to form prior to the time it was signed by the chancellor and before it was entered on the minutes. In this connection, it should be pointed out that Rule 38 of the Rules of Chancery, require that in all litigated matters the solicitor who draws the decree shall submit the same to opposing counsel for criticism before submitting it to the chancellor for his signature. Observance of this rule provides sufficient notice to opposing counsel prior to the entry of a decree in vacation.
We hold that the chancellor had jurisdiction of this case when the decree was signed and when it was entered and *827 recorded on the minutes it had the same force and effect as if it had been made and recorded during term time. We also hold that the cases heretofore decided by this Court which construed Section 1228 prior to the 1966 amendment which are in conflict with this opinion are no longer applicable, and insofar as they are in conflict, they are overruled.
The other question to be decided is whether the chancellor was in error in cancelling the claim of appellant to the strip of land in dispute and denying appellant’s claim to be the owner thereof by adverse possession. After a careful study of the record in this case, we find that the evidence supports the finding of the chancellor that the 30 foot strip of land in dispute is within the calls of appellees’ deed and that they had record title to the land. The evidence was in conflict as to appellant’s claim of adverse possession. The chancellor resolved the conflict and found that appellant had not acquired title to the land in question by adverse possession. We cannot say that the chancellor was wrong, much less manifestly wrong, in so finding.
For the reasons stated we are of the opinion that this case should be, and is, hereby affirmed.
Affirmed.
All Justices concur.