308 So.2d 222 (1975)
Mickey HARALSON
v.
STATE of Mississippi.
No. 48447.
Supreme Court of Mississippi.
February 10, 1975.
*223 J.K. Henry, Union, for appellant.
A.F. Summer, Atty. Gen., by John C. Ellis, Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:

ON MOTION
This case is before the Court on motion of the State to strike the court reporter's notes for the failure of appellant to give notice to the court reporter as required by Section 9-13-33, Mississippi Code 1972 Annotated.
The record reflects that this case was filed in this Court on September 14, 1974, and appellant's brief was filed on November 22, 1974. The motion to strike the court reporter's notes was not filed until December 6, 1974. Appellant was represented in the trial court and is represented on appeal by counsel retained by him. A copy of this motion was served on counsel for appellant, but counsel has not seen fit to answer the motion; thus, in effect he has confessed it.
An examination of the record reveals that the court reporter requested and was granted by the trial court two additional extensions of time within which to transcribe the notes, making it apparent that some type of notice was given. However, the record does not reflect that any written notice was ever given and in the absence of an answer by appellant, we are constrained to sustain the motion. In so doing, we recognize that it is unfair for an appellee to sit idly by and neglect or fail to file a motion to strike the transcript until after the appellant has briefed the case. Furthermore, in recent months we have had many motions such as the one before us filed after the appellant has briefed the case. While we have sustained the motions, our concern for fairness has moved us to re-examine the statute and our decisions construing it.
While the statute is purely procedural and in reality an invasion by the legislature of the rule-making power of this Court, we have followed it for many years; thus, adopting it as a rule of this *224 Court. Newell v. State, No. 48,076 decided January 27, 1975. Not only have we followed this statute but we have misconstrued its effect by holding that it is jurisdictional. This expression first appeared in Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 (1933), wherein the writer of the opinion stated: "In legal effect, the notes are not officially the notes of the court reporter, because he was given no legal notice, and the giving of this notice is jurisdictional." It is obvious that this was error. This Court's jurisdiction of an appeal is in no wise dependent upon the giving of the notice to the court reporter to transcribe the trial notes. In McBee & Gossett v. Cahaba Construction Co., 125 Miss. 227, 87 So. 481 (1921), we said: "The motion to dismiss the appeal would have to be overruled, even though the motion to strike the transcript from the record be sustained, for the absence of a transcript of the evidence does not bar an appeal on the record proper." We have consistently followed this holding in numerous cases since that time.
This obvious error next appears in McGee v. State, 203 Miss. 609, 35 So.2d 628 (1948), citing Mayflower Mills v. Breeland, supra. Since that time we have compounded the error in numerous cases by stating that the giving of the notice is jurisdictional without giving any thought to the effect of the statement. After reconsidering the statute we are of the unanimous opinion that insofar as Mayflower Mills v. Breeland, supra, and all other cases which followed it hold that the giving of the notice to the court reporter as required by Section 9-13-33 is jurisdictional, they should be and are hereby overruled. By this holding we are not changing the rule that the notice must be given as heretofore required, but we are holding that it is procedural and as such may be waived by the litigants.
Inasmuch as requirements as to giving notice to the court reporter may be waived, we are of the opinion that if an appellee desires to take advantage of the requirements of the statute, it must be done by filing a timely motion to strike the court reporter's notes, and the failure to do so will constitute a waiver. In order to implement this holding and to promote justice and fairness, on January 22, 1975, we adopted the following rule which is self explanatory:
It is ordered that Rule 16 of the Rules of the Supreme Court of Mississippi shall be and the same is amended by adding as subparagraph (d) as follows:
(d) All motions to strike the court reporter's notes for failure to give notice to the court reporter as required by the provisions of Section 9-13-33, Mississippi Code 1972 Annotated, shall be filed not later than ten (10) days after the record in the cause is filed in this Court. The failure to file such motion within the specified time will be considered as a waiver of the defect, and a motion to strike filed after the expiration of ten (10) days will not be considered by the Court.
For the reasons stated the motion to strike the court reporter's notes is sustained, and appellee is granted fifteen days additional time in which to file its brief.
All Justices concur.

ON MOTION
GILLESPIE, Chief Justice (separately concurring):
The motion before the Court was properly sustained and I concur in all respects as to the decision. I question whether the statement in the opinion, that Code section 9-13-33 is an invalid invasion of the rule-making power of the Court, is appropriate. This statement is a dictum because no issue was raised as to the validity of the statute. The statement may imply that this Court will use its rule-making power to invalidate procedural statutes for less than compelling reasons.
*225 In two recent cases this Court announced its inherent power and duty concerning procedural statutes which are unreasonable and impracticable or impede the efficient and just administration of the laws. In Matthews v. State, 288 So.2d 714 (Miss. 1974), the invalidated statute required a particular appeal to be decided in ten days, and the Court held it unreasonable and impracticable. In Newell v. State (1975), the Court invalidated that part of a statute which prevented the trial judge from instructing the jury except upon the request of a party, even when it resulted in the jury being inadequately instructed. That part of the statute was found to be a barrier to efficiency and justice. These two cases presented compelling reasons for the Court's action. Based on the following considerations, I think the Court should use its rule-making powers somewhat sparingly.
1. The case load prevents the diversion of the Court's time and energy required to make more than a superficial study of the overall structure of the system of practice and procedure. A case by case effort to re-structure present practice and procedure would be impracticable and tend to destabilize the adjective law for a long period of time.
2. If a comprehensive effort is to be made to modernize the general procedural system it could more feasibly be accomplished with legislative cooperation.
3. A recent study of the actual uses of the rule-making power of the several states was made by the American Judicature Society and published January 3, 1975. The study concludes with the following statement:
As previously mentioned, the high courts of the several states tend to use their rule-making powers sparingly. Unless there is substantial constitutional or statutory authority, or strong precedent to exercise their inherent powers, the courts generally await some clear need or demand before rules are promulgated in a specific area.
In my opinion a balanced view of the problem suggests that this Court should unhesitatingly strike down a statute that clearly impedes the judicial function; on the other hand, it should act with due circumspection and restraint to avoid unsettling the present general procedural system until a comprehensive effort can be made to improve it.
WALKER and BROOM, JJ., separately concurring.