ON MOTION TO DISMISS APPEAL
WALKER, Justice:
The appellee has filed a motion to dismiss this appeal and assigns as grounds therefor the following:
(1) That a final judgment in favor of the defendant, movant-appellee herein, was entered on the minutes of the County Court of the First Judicial District of Hinds County, Mississippi, on June 6, 1974.
(2) That the May 1974 Term of the County Court of the First Judicial District of Hinds County, Mississippi, ended on June 7, 1974.
(3) That although a notice to court reporter and designation of the record to be prepared was filed by the plaintiff, appellant herein, on June 13, 1974, an appeal bond was not approved and filed with the aforesaid county court until July 11, 1974, being more than ten days after the final judgment was entered on the minutes of the county court. (Mississippi Code Annotated section 11-51-79 (1972)). No motion for a new trial was filed.
The thrust of appellee’s motion to dismiss is that the circuit court did not acquire jurisdiction to consider the appeal from county court and consequently there was nothing from which to appeal from the circuit court to the Supreme Court. The appellant concedes that no appeal bond was filed in county court within the required ten days; and, that in numerous cases from Flowers v. Trotlos, 172 Miss. 305, 160 So. 581 (1935) to Parkman v. Mississippi State Highway Commission, 250 So.2d 637 (Miss.1971), this Court has consistently held that the filing of an appeal bond within ten days from the entry of judgment in county court to be jurisdictional. However, appellant contends that the recent decision in Haralson v. State, 308 So.2d 222 (Miss.1975), overruled the cases by implication. In that case, the Court overruled Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 (1933), and all other cases which followed it insofar as they had held that the giving of notice to the court reporter within the prescribed time was jurisdictional. The Court went on to emphasize in Haralson that we were not changing the rule that the notice must be given as heretofore required, but were only holding that it was procedural and as such could be waived by the litigants.[1] The appellant has obviously interpreted Haralson to mean that the posting of an appeal bond within the time prescribed by law is also no longer jurisdictional but is now procedural and may be waived by the parties. This is not so. The many cases holding that the posting of an appeal bond within the period prescribed by the statute to be jurisdictional were not overruled by Haralson and the law in that respect remains the same.
We have held that the lack of jurisdiction of the lower court may be raised for the first time on appeal to this Court, Sperier v. Ward, 233 So.2d 823 (Miss.1970); Khoury v. Saik, 203 Miss. 155, 33 So.2d 616 (1948); and Green v. Creighton, *228 18 Miss. 159 (1848); and, that estoppel does not apply. McDaniel Bros. Construction Co. v. Jordy, 185 So.2d 450 (Miss.1966).
Therefore, since the circuit court did not acquire jurisdiction to hear the appeal from the county court, there was no valid judgment from which to appeal to the Supreme Court.
The motion of the appellee to dismiss the appeal is sustained.
Motion to dismiss appeal considered en banc and sustained.
All Justices concur.

. See Miss.Sup.Ct. Rules 16(d).